**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------

JOVANI CLARK,

                Plaintiff,

v.

MARKETAXESS CORPORATION,           **COMPLAINT**
MARKETAXESS HOLDINGS INC.,
MIDTOWN TRACKAGE VENTURES LLC, and
3PL INTEGRATION LLC,

                Defendants.
-----------------------------------------------------------------

Plaintiff, by his attorneys CELLINO & BARNES, P.C., as and for his complaint, respectfully alleges, as follows:

## NATURE OF THE ACTION

1.      Plaintiff's complaint is rooted in negligence, carelessness, and/or recklessness.

2.      Plaintiff is seeking monetary damages for serious and severe personal injuries that he sustained in a premises incident.

## THE PARTIES

3.      Plaintiff, at all times herein mentioned, was and still is a resident of the County of Fairfield, State of Connecticut.

4.      Defendant MARKETAXESS CORPORATION, at all times herein mentioned, was and still is a foreign business corporation, organized and existing under Delaware law, authorized to conduct business in the State of New York, having a

principal place of business at 299 Park Avenue, 10th Floor, in the City, County, and State of New York.

5.     Defendant MARKETAXESS CORPORATION, at all times herein mentioned, was conducting business in the State of New York.

6.     At all times herein mentioned, defendant MARKETAXESS CORPORATION transacted business within the State of New York and/or contracted anywhere to supply goods or services in the State of New York.

7.     At all times herein mentioned, defendant MARKETAXESS CORPORATION committed a tortious act within the State of New York.

8.     At all times herein mentioned, defendant MARKETAXESS CORPORATION committed a tortious act without the State of New York, causing injury to person or property within the State of New York.

9.     At all times herein mentioned, defendant MARKETAXESS CORPORATION owned, used, or possessed any real property situated with the State of New York.

10.    Defendant MARKETAXESS HOLDINGS INC., at all times herein mentioned, was and still is a foreign business corporation, organized and existing under Delaware law, authorized to conduct business in the State of New York, having a principal place of business at 299 Park Avenue, 10th Floor, in the City, County, and State of New York.

11.    Defendant MARKETAXESS HOLDINGS INC., at all times herein mentioned, was conducting business in the State of New York.

12.     At all times herein mentioned, defendant MARKETAXESS HOLDINGS INC. transacted business within the State of New York and/or contracted anywhere to supply goods or services in the State of New York.

13.     At all times herein mentioned, defendant MARKETAXESS HOLDINGS INC. committed a tortious act within the State of New York.

14.     At all times herein mentioned, defendant MARKETAXESS HOLDINGS INC. committed a tortious act without the State of New York, causing injury to person or property within the State of New York.

15.     At all times herein mentioned, defendant MARKETAXESS HOLDINGS INC. owned, used, or possessed any real property situated with the State of New York.

16.     Defendant MIDTOWN TRACKAGE VENTURES LLC, at all times herein mentioned, was and still is a foreign limited liability corporation, organized and existing under Delaware law, authorized to conduct business in the State of New York, having a principal place of business at 387 Park Avenue South, 7th Floor, in the City, County, and State of New York.

17.     Defendant MIDTOWN TRACKAGE VENTURES LLC, at all times herein mentioned, was conducting business in the State of New York.

18.     At all times herein mentioned, defendant MIDTOWN TRACKAGE VENTURES LLC transacted business within the State of New York and/or contracted anywhere to supply goods or services in the State of New York.

19.     At all times herein mentioned, defendant MIDTOWN TRACKAGE VENTURES LLC committed a tortious act within the State of New York.

20.     At all times herein mentioned, defendant MIDTOWN TRACKAGE VENTURES LLC committed a tortious act without the State of New York, causing injury to person or property within the State of New York.

21.     At all times herein mentioned, defendant MIDTOWN TRACKAGE VENTURES LLC owned, used, or possessed any real property situated with the State of New York.

22.     Defendant 3PL INTEGRATION LLC, at all times herein mentioned, was and still is a foreign business corporation, organized and existing under Massachusetts law, authorized to conduct business in the State of New York, having a principal place of business at 900 Route 134, Ste 2-17, S. Dennis, Massachusetts 02660.

23.     Defendant 3PL INTEGRATION LLC, at all times herein mentioned, was conducting business in the State of New York.

24.     At all times herein mentioned, defendant 3PL INTEGRATION LLC transacted business within the State of New York and/or contracted anywhere to supply goods or services in the State of New York.

25.     At all times herein mentioned, defendant 3PL INTEGRATION LLC committed a tortious act within the State of New York.

26.     At all times herein mentioned, defendant 3PL INTEGRATION LLC committed a tortious act without the State of New York, causing injury to person or property within the State of New York.

27.     At all times herein mentioned, defendant 3PL INTEGRATION LLC owned, used, or possessed any real property situated with the State of New York.

## JURISDICTION AND VENUE

28.    The parties are citizens of different states.

29.    The amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

30.    The foregoing confer this court with original jurisdiction over the subject matter of this complaint and over parties hereto, pursuant to 28 U.S. Code § 1332.

31.    Venue is proper and appropriate in the United States District Court Southern District of New York, pursuant to 28 U.S. Code § 1391(b)(1), because some of the defendants reside in New York, New York and resided thereat at the time of the subject incident.

32.    Venue is proper and appropriate in the United States District Court Southern District of New York pursuant to 28 U.S. Code § 1391(b)(2) because the premises incident, which is the subject matter of this action, occurred in New York, New York.

## FACTUAL BACKGROUND & CAUSE OF ACTION

33.    On March 29, 2019, defendant MARKETAXESS CORPORATION was the owner of certain premises located at 299 Park Avenue, in the City, County, and State of New York.

34.    On March 29, 2019, defendant MARKETAXESS CORPORATION was the lessor of certain premises located at 299 Park Avenue, in the City, County, and State of New York.

35.    On March 29, 2019, defendant MARKETAXESS CORPORATION was a lessee of certain premises located at 299 Park Avenue, in the City, County, and State of New York.

36. On March 29, 2019, defendant MARKETAXESS CORPORATION maintained certain premises located at 299 Park Avenue, in the City, County, and State of New York.

37. On March 29, 2019, defendant MARKETAXESS CORPORATION managed certain premises located at 299 Park Avenue, in the City, County, and State of New York.

38. On March 29, 2019, defendant MARKETAXESS CORPORATION controlled certain premises located at 299 Park Avenue, in the City, County, and State of New York.

39. On March 29, 2019, defendant MARKETAXESS CORPORATION supervised certain premises located at 299 Park Avenue, in the City, County, and State of New York.

40. On March 29, 2019, defendant MARKETAXESS CORPORATION inspected certain premises located at 299 Park Avenue, in the City, County, and State of New York.

41. On or before March 29, 2019, defendant MARKETAXESS CORPORATION designed certain premises located at 299 Park Avenue, in the City, County, and State of New York.

42. On March 29, 2019, defendant MARKETAXESS CORPORATION operated certain premises located at 299 Park Avenue, in the City, County, and State of New York.

43. On March 29, 2019, it was the duty of defendant MARKETAXESS CORPORATION, by its agents, servants, and/or employees, to keep the premises

located at 299 Park Avenue, in the City, County, and State of New York in a reasonably safe condition.

44.     On and/or before March 29, 2019, defendant MARKETAXESS CORPORATION entered into a contract and/or agreement (written or oral) with defendant MARKETAXESS HOLDINGS INC. for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

45.     On and/or before March 29, 2019, defendant MARKETAXESS CORPORATION entered into a contract and/or agreement (written or oral) with defendant MIDTOWN TRACKAGE VENTURES LLC for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

46.     On and/or before March 29, 2019, defendant MARKETAXESS CORPORATION entered into a contract and/or agreement (written or oral) with defendant 3PL INTEGRATION LLC for the provision and performance of certain work, labor, and/or services, including but not necessarily limited the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

47.     On and/or before March 29, 2019, defendant MARKETAXESS CORPORATION entered into a contract and/or agreement (written or oral) with plaintiff's employer for the provision and performance of certain work, labor, and/or

services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

48.    On and/or before March 29, 2019, defendant MARKETAXESS CORPORATION directed, managed, and/or controlled the provision and performance of certain work, labor, and/or services located at 299 Park Avenue, in the City, County, and State of New York.

49.    On or before March 29, 2019, defendant MARKETAXESS CORPORATION hired individuals and/or entities to provide and perform certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

50.    On or before March 29, 2019, defendant MARKETAXESS CORPORATION entered into an agreement and/or contract (written or oral) for it to provide certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

51.    On March 29, 2019, defendant MARKETAXESS CORPORATION was the manager for work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

52.    On March 29, 2019, defendant MARKETAXESS CORPORATION was the general contractor for certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

53.    On March 29, 2019, defendant MARKETAXESS CORPORATION performed certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

54.     On March 29, 2019, defendant MARKETAXESS CORPORATION supervised certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

55.     On March 29, 2019, defendant MARKETAXESS CORPORATION directed certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

56.     On March 29, 2019, defendant MARKETAXESS CORPORATION inspected certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

57.     On March 29, 2019, defendant MARKETAXESS CORPORATION regulated certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

58.     On March 29, 2019, defendant MARKETAXESS CORPORATION controlled certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

59.     On March 29, 2019, defendant MARKETAXESS CORPORATION managed certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

60.     On March 29, 2019, defendant MARKETAXESS CORPORATION maintained certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

61.   On March 29, 2019, defendant MARKETAXESS CORPORATION provided certain supplies for certain work, labor, and/or services at the premises known as 299 Park Avenue, In the City, County, and State of New York.

62.   On March 29, 2019, defendant MARKETAXESS CORPORATION provided certain tools for certain work, labor, and/or services at the premises known as 299 Park Avenue, In the City, County, and State of New York.

63.   On March 29, 2019, it was the duty of defendant MARKETAXESS CORPORATION to provide a reasonably safe place to work for people performing alteration and other covered work at the site.

64.   On March 29, 2019, defendant MARKETAXESS HOLDINGS INC. was the owner of certain premises located at 299 Park Avenue, in the City, County, and State of New York.

65.   On March 29, 2019, defendant MARKETAXESS HOLDINGS INC. was the lessor of certain premises located at 299 Park Avenue, in the City, County, and State of New York.

66.   On March 29, 2019, defendant MARKETAXESS HOLDINGS INC. was a lessee of certain premises located at 299 Park Avenue, in the City, County, and State of New York.

67.   On March 29, 2019, defendant MARKETAXESS HOLDINGS INC. maintained certain premises located at 299 Park Avenue, in the City, County, and State of New York.

68.     On March 29, 2019, defendant MARKETAXESS HOLDINGS INC. managed certain premises located at 299 Park Avenue, in the City, County, and State of New York.

69.     On March 29, 2019, defendant MARKETAXESS HOLDINGS INC. controlled certain premises located at 299 Park Avenue, in the City, County, and State of New York.

70.     On March 29, 2019, defendant MARKETAXESS HOLDINGS INC. supervised certain premises located at 299 Park Avenue, in the City, County, and State of New York.

71.     On March 29, 2019, defendant MARKETAXESS HOLDINGS INC. inspected certain premises located at 299 Park Avenue, in the City, County, and State of New York.

72.     On or before March 29, 2019, defendant MARKETAXESS HOLDINGS INC. designed certain premises located at 299 Park Avenue, in the City, County, and State of New York.

73.     On March 29, 2019, defendant MARKETAXESS HOLDINGS INC. operated certain premises located at 299 Park Avenue, in the City, County, and State of New York.

74.     On March 29, 2019, it was the duty of defendant MARKETAXESS HOLDINGS INC., by its agents, servants, and/or employees, to keep the premises located at 299 Park Avenue, in the City, County, and State of New York in a reasonably safe condition.

75.     On and/or before March 29, 2019, defendant MARKETAXESS HOLDINGS INC. entered into a contract and/or agreement (written or oral) with defendant MARKETAXESS CORPORATION for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

76.     On and/or before March 29, 2019, defendant MARKETAXESS HOLDINGS INC. entered into a contract and/or agreement (written or oral) with defendant MIDTOWN TRACKAGE VENTURES LLC for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

77.     On and/or before March 29, 2019, defendant MARKETAXESS HOLDINGS INC. entered into a contract and/or agreement (written or oral) with defendant 3PL INTEGRATION LLC for the provision and performance of certain work, labor, and/or services, including but not necessarily limited the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

78.     On and/or before March 29, 2019, defendant MARKETAXESS HOLDINGS INC. entered into a contract and/or agreement (written or oral) with plaintiff's employer for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

79.     On and/or before March 29, 2019, defendant MARKETAXESS HOLDINGS INC. directed, managed, and/or controlled the provision and performance of certain work, labor, and/or services located at 299 Park Avenue, in the City, County, and State of New York.

80.     On or before March 29, 2019, defendant MARKETAXESS HOLDINGS INC. hired individuals and/or entities to provide and perform certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

81.     On or before March 29, 2019, defendant MARKETAXESS HOLDINGS INC. entered into an agreement and/or contract (written or oral) for it to provide certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

82.     On March 29, 2019, defendant MARKETAXESS HOLDINGS INC. was the manager for work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

83.     On March 29, 2019, defendant MARKETAXESS HOLDINGS INC. was the general contractor for certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

84.     On March 29, 2019, defendant MARKETAXESS HOLDINGS INC. performed certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

85.     On March 29, 2019, defendant MARKETAXESS HOLDINGS INC. supervised certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

86.     On March 29, 2019, defendant MARKETAXESS HOLDINGS INC. directed certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

87.     On March 29, 2019, defendant MARKETAXESS HOLDINGS INC. inspected certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

88.     On March 29, 2019, defendant MARKETAXESS HOLDINGS INC. regulated certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

89.     On March 29, 2019, defendant MARKETAXESS HOLDINGS INC. controlled certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

90.     On March 29, 2019, defendant MARKETAXESS HOLDINGS INC. managed certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

91.     On March 29, 2019, defendant MARKETAXESS HOLDINGS INC. maintained certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

92.     On March 29, 2019, defendant MARKETAXESS HOLDINGS INC. provided certain supplies for certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

93.     On March 29, 2019, defendant MARKETAXESS HOLDINGS INC. provided certain tools for certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

94.     On March 29, 2019, it was the duty of defendant MARKETAXESS HOLDINGS INC. to provide a reasonably safe place to work for people performing alteration and other covered work at the site.

95.     On March 29, 2019, defendant MIDTOWN TRACKAGE VENTURES LLC was the owner of certain premises located at 299 Park Avenue, in the City, County, and State of New York.

96.     On March 29, 2019, defendant MIDTOWN TRACKAGE VENTURES LLC was the lessor of certain premises located at 299 Park Avenue, in the City, County, and State of New York.

97.     On March 29, 2019, defendant MIDTOWN TRACKAGE VENTURES LLC was a lessee of certain premises located at 299 Park Avenue, in the City, County, and State of New York.

98.     On March 29, 2019, defendant MIDTOWN TRACKAGE VENTURES LLC maintained certain premises located at 299 Park Avenue, in the City, County, and State of New York.

99.     On March 29, 2019, defendant MIDTOWN TRACKAGE VENTURES LLC managed certain premises located at 299 Park Avenue, in the City, County, and State of New York.

100.    On March 29, 2019, defendant MIDTOWN TRACKAGE VENTURES LLC controlled certain premises located at 299 Park Avenue, in the City, County, and State of New York.

101.    On March 29, 2019, defendant MIDTOWN TRACKAGE VENTURES LLC supervised certain premises located at 299 Park Avenue, in the City, County, and State of New York.

102.    On March 29, 2019, defendant MIDTOWN TRACKAGE VENTURES LLC inspected certain premises located at 299 Park Avenue, in the City, County, and State of New York.

103.    On or before March 29, 2019, defendant MIDTOWN TRACKAGE VENTURES LLC designed certain premises located at 299 Park Avenue, in the City, County, and State of New York.

104.    On March 29, 2019, defendant MIDTOWN TRACKAGE VENTURES LLC operated certain premises located at 299 Park Avenue, in the City, County, and State of New York.

105.    On March 29, 2019, it was the duty of defendant MIDTOWN TRACKAGE VENTURES LLC, by its agents, servants, and/or employees, to keep the premises located at 299 Park Avenue, in the City, County, and State of New York in a reasonably safe condition.

106.    On and/or before March 29, 2019, defendant MIDTOWN TRACKAGE VENTURES LLC entered into a contract and/or agreement (written or oral) with defendant MARKETAXESS CORPORATION for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

107.    On and/or before March 29, 2019, defendant MIDTOWN TRACKAGE VENTURES LLC entered into a contract and/or agreement (written or oral) with defendant MARKETAXESS HOLDINGS INC. for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

108.    On and/or before March 29, 2019, defendant MIDTOWN TRACKAGE VENTURES LLC entered into a contract and/or agreement (written or oral) with defendant 3PL INTEGRATION LLC for the provision and performance of certain work, labor, and/or services, including but not necessarily limited the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

109.    On and/or before March 29, 2019, defendant MIDTOWN TRACKAGE VENTURES LLC entered into a contract and/or agreement (written or oral) with plaintiff's employer for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

110.   On and/or before March 29, 2019, defendant MIDTOWN TRACKAGE VENTURES LLC directed, managed, and/or controlled the provision and performance of certain work, labor, and/or services located at 299 Park Avenue, in the City, County, and State of New York.

111.   On or before March 29, 2019, defendant MIDTOWN TRACKAGE VENTURES LLC hired individuals and/or entities to provide and perform certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

112.   On or before March 29, 2019, defendant MIDTOWN TRACKAGE VENTURES LLC entered into an agreement and/or contract (written or oral) for it to provide certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

113.   On March 29, 2019, defendant MIDTOWN TRACKAGE VENTURES LLC was the manager for work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

114.   On March 29, 2019, defendant MIDTOWN TRACKAGE VENTURES LLC was the general contractor for certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

115.   On March 29, 2019, defendant MIDTOWN TRACKAGE VENTURES LLC performed certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

116.   On March 29, 2019, defendant MIDTOWN TRACKAGE VENTURES LLC supervised certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

117.   On March 29, 2019, defendant MIDTOWN TRACKAGE VENTURES LLC directed certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

118.   On March 29, 2019, defendant MIDTOWN TRACKAGE VENTURES LLC inspected certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

119.   On March 29, 2019, defendant MIDTOWN TRACKAGE VENTURES LLC regulated certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

120.   On March 29, 2019, defendant MIDTOWN TRACKAGE VENTURES LLC controlled certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

121.   On March 29, 2019, defendant MIDTOWN TRACKAGE VENTURES LLC managed certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

122.   On March 29, 2019, defendant MIDTOWN TRACKAGE VENTURES LLC maintained certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

123.    On March 29, 2019, defendant MIDTOWN TRACKAGE VENTURES LLC provided certain supplies for certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

124.    On March 29, 2019, defendant MIDTOWN TRACKAGE VENTURES LLC provided certain tools for certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

125.    On March 29, 2019, it was the duty of defendant MIDTOWN TRACKAGE VENTURES LLC to provide a reasonably safe place to work for people performing alteration and other covered work at the site.

126.    On March 29, 2019, defendant 3PL INTEGRATION LLC managed certain premises located at 299 Park Avenue, in the City, County, and State of New York.

127.    On March 29, 2019, defendant 3PL INTEGRATION LLC controlled certain premises located at 299 Park Avenue, in the City, County, and State of New York.

128.    On March 29, 2019, defendant 3PL INTEGRATION LLC supervised certain premises located at 299 Park Avenue, in the City, County, and State of New York.

129.    On March 29, 2019, defendant 3PL INTEGRATION LLC inspected certain premises located at 299 Park Avenue, in the City, County, and State of New York.

130.    On or before March 29, 2019, defendant 3PL INTEGRATION LLC designed certain premises located at 299 Park Avenue, in the City, County, and State of New York.

131.    On March 29, 2019, defendant 3PL INTEGRATION LLC operated certain premises located at 299 Park Avenue, in the City, County, and State of New York.

132.    On March 29, 2019, it was the duty of defendant 3PL INTEGRATION LLC, by its agents, servants, and/or employees, to keep the premises located at 299 Park Avenue, in the City, County, and State of New York in a reasonably safe condition.

133.    On and/or before March 29, 2019, defendant 3PL INTEGRATION LLC entered into a contract and/or agreement (written or oral) with defendant MARKETAXESS CORPORATION for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

134.    On and/or before March 29, 2019, defendant 3PL INTEGRATION LLC entered into a contract and/or agreement (written or oral) with defendant MARKETAXESS HOLDINGS INC. for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

135.    On and/or before March 29, 2019, defendant 3PL INTEGRATION LLC entered into a contract and/or agreement (written or oral) with defendant MIDTOWN TRACKAGE VENTURES LLC for the provision and performance of certain work, labor, and/or services, including but not necessarily limited the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

136.    On and/or before March 29, 2019, defendant 3PL INTEGRATION LLC entered into a contract and/or agreement (written or oral) with plaintiff's employer for the provision and performance of certain work, labor, and/or services, including but not

necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

137.    On and/or before March 29, 2019, defendant 3PL INTEGRATION LLC directed, managed, and/or controlled the provision and performance of certain work, labor, and/or services located at 299 Park Avenue, in the City, County, and State of New York.

138.    On or before March 29, 2019, defendant 3PL INTEGRATION LLC hired individuals and/or entities to provide and perform certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

139.    On or before March 29, 2019, defendant 3PL INTEGRATION LLC entered into an agreement and/or contract (written or oral) for it to provide certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

140.    On March 29, 2019, defendant 3PL INTEGRATION LLC was the manager for work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

141.    On March 29, 2019, defendant 3PL INTEGRATION LLC was the general contractor for certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

142.    On March 29, 2019, defendant 3PL INTEGRATION LLC performed certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

143.   On March 29, 2019, defendant 3PL INTEGRATION LLC supervised certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

144.   On March 29, 2019, defendant 3PL INTEGRATION LLC directed certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

145.   On March 29, 2019, defendant 3PL INTEGRATION LLC inspected certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

146.   On March 29, 2019, defendant 3PL INTEGRATION LLC regulated certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

147.   On March 29, 2019, defendant 3PL INTEGRATION LLC controlled certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

148.   On March 29, 2019, defendant 3PL INTEGRATION LLC managed certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

149.   On March 29, 2019, defendant 3PL INTEGRATION LLC maintained certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

150.   On March 29, 2019, defendant 3PL INTEGRATION LLC provided certain supplies for certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

151.   On March 29, 2019, defendant 3PL INTEGRATION LLC provided certain tools for certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

152.   On March 29, 2019, it was the duty of defendant 3PL INTEGRATION LLC to provide a reasonably safe place to work for people performing alteration and other covered work at the site.

153.   On March 29, 2019, plaintiff JOVANI CLARKE was lawfully on the premises known as 299 Park Avenue, in the City, County, and State of New York.

154.   On March 29, 2019, plaintiff JOVANI CLARKE was paid to work at the premises known as 299 Park Avenue, in the City, County, and State of New York.

155.   On March 29, 2019, plaintiff JOVANI CLARKE was in the course of his employment, doing certain transportation, alteration, and/or other covered work at the premises known as 299 Park Avenue, in the City, County, and State of New York.

156.   On March 29, 2019, plaintiff was caused to become seriously injured at the premises known as 299 Park Avenue, in the City, County, and State of New York.

157.   On March 29, 2019, plaintiff was caused to become seriously injured due to dangerous, defective, and hazardous conditions at his work site, including but not limited to, a lack of appropriate safety devices and protocols.

158.   Plaintiff sustained a loss in excess of the Basic Economic Loss, as defined by the New York State Insurance Law.

159.   Plaintiff suffered a "serious injury" within the meaning of the Insurance Law of the State of New York.

160.   The aforesaid incident and the serious injuries resulting therefrom were due solely and wholly to the careless and negligent manner in which the defendants managed, operated, maintained, controlled and supervised the aforesaid premises and/or the work performed on the aforesaid premises, without the plaintiff in any way contributing thereto.

161.   Defendants were negligent, reckless, and careless in  violating their duties to persons lawfully on the aforesaid premises and to plaintiff in particular; in knowingly causing, permitting, suffering, and/or allowing plaintiff to work in an unsafe work place; in failing to provide the plaintiff with adequate safety devices and/or the applicable safeguards which would have prevent the subject accident; and were further negligent in failing to take suitable precautions for the safety of persons lawfully on the aforesaid premises.

162.   Defendants, their agents, servants, and/or employees had actual notice of the dangerous, defective, and/or hazardous conditions prior to the plaintiff's incident.

163.   Defendants, their agents, servants, and/or employees had constructive notice of the dangerous, defective, and/or hazardous conditions prior to the plaintiff's incident.

164.   Defendants, their agents, servants, and/or employees caused and/or created the dangerous, defective, and/or hazardous conditions prior to the plaintiff's incident.

165.   Defendants were further negligent in their recruitment, hiring, retaining, supervising, and training of defendants' agents, servants, employees, staff, and personnel.

166.   By reason of the foregoing and the negligence of the defendants, plaintiff JOVANI CLARKE was severely injured, bruised and wounded, suffered, still suffers and will continue to suffer for some time physical pain and bodily injuries and became sick, sore, lame and disabled.

167.   By reason of the foregoing, plaintiff JOVANI CLARKE was compelled to and did necessarily require medical aid and attention, and did necessarily pay and become liable therefor for medicines and upon information and belief, plaintiff will necessarily incur similar expenses.

168.   By reason of the foregoing, plaintiff JOVANI CLARKE has been unable to attend his usual occupation and vocation in the manner required.

### AS AND FOR A SECOND CAUSE OF ACTION

169.   Plaintiff repeats and reiterates each and every allegation above as if set forth more fully at length herein.

170.   Defendants failed to provide plaintiff JOVANI CLARKE with a safe place to work.

171.   Defendants failed to provide plaintiff JOVANI CLARKE with proper safety devices and/or adequate protection.

172.   Defendants failed to provide plaintiff JOVANI CLARKE with the proper equipment to complete the work.

173. Defendants, their agents, servants, and/or employees were careless, reckless, and negligent in failing to provide a safe and proper place for plaintiff JOVANI CLARKE to work, in violation of the laws and ordinances of the State of New York, including but not necessarily limited to, as well as other federal, state, and local statutes, ordinances, and regulations.

174. Defendants violated §§ 200, 240, 240(1), 240(2), 240(3), and 241(6) of the New York Labor Law.

175. On March 29, 2019, plaintiff JOVANI CLARKE was in the course of his employment as a covered worker at the subject premises when he was injured as the result of a faulty piece of equipment and lack of safety protection.

176. Plaintiff JOVANI CLARKE's injuries were caused solely and wholly as a result of the defendants' breach of their non-delegable duty to provide safety devices and to provide a reasonably safe place to work in accordance with Labor Law  §§ 200, 240(1), and 241(6).

177. Defendants violated the Occupational Safety and Health Act (OSHA).

178. Defendants violated the Industrial Code of the State of New York.

179. By reason of the foregoing and the negligence of the defendants, plaintiff JOVANI CLARKE was severely injured, bruised and wounded and suffered, still suffers and will continue to suffer for some time, physical pain and bodily injuries and has become sick, sore, lame and disabled.

180. By reason of the foregoing, plaintiff JOVANI CLARKE was compelled to seek and did necessarily require medical aid, attention, and medication and did

necessarily expend and become liable thereof and upon information and belief, will necessarily continue to incur for a substantial period of time such expenses.

181.    Defendants failed to so alter, construct, renovate, demolish, equip, arrange, operate, supervise, inspect, manage, and/or conduct the manner and method of the work being performed at the aforementioned location as set forth above so as to provide reasonable and adequate protection for life, health, and safety of plaintiff.

182.    The violations by defendants, their agents, servants, and/or employees, were substantial factors in causing plaintiff's injuries.

183.    As a result of the aforementioned violations of the Labor Law of the State of New York, plaintiff was seriously injured.

184.    As a result of the foregoing, defendants are liable to plaintiff for his injuries.

185.    As a result of the foregoing, defendants are strictly liable to plaintiff for his injuries.

186.    Plaintiff hereby demands a trial by jury in the above-captioned action, of all issues triable by a jury, pursuant to the Federal Rule of Civil Procedure 38.

**WHEREFORE** plaintiff demands judgment against defendants, jointly, severally, individually, and/or vicariously, on each and every count set forth herein for damages, costs, interest, counsel fees, as well as all other relief this court deems just and proper.

DATED:      New York, New York
            July 12, 2019

                              Yours, etc.,
                              **CELLINO & BARNES, P.C.**


                              /s/ Kathleen E. Beatty, Esq.
                              Attorneys for Plaintiff

420 Lexington Avenue, Suite 2140
New York, New York  10170
(212) 804-7400
kb@cellinoandbarnes.com