**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------

JOVANIE CLARK,

        Plaintiff,

v.

FISHER-PARK LANE OWNER LLC,
FISHER BROTHERS MANAGEMENT CO. LLC,
MARKETAXESS CORPORATION,
MARKETAXESS HOLDINGS INC.,
CONGRUITY,
CONGRUITY 360,
MSDI LLC,
FAST FLEET JFK, individually and doing
business as FAST FLEET SYSTEMS, INC.,
SMOOTH OPERATORS SERVICES LLC,
individually and doing business as FAST FLEET
– JFK,
WARREN BAINBRIDGE,
NICA, INC., and 3PL INTEGRATION LLC,

        Defendants.

-----------------------------------------------------------------

**AMENDED COMPLAINT**

**Docket No.: 1:19-CV-06471**

Plaintiff, by his attorneys CELLINO & BARNES, P.C., as and for his complaint, respectfully alleges, as follows:

## NATURE OF THE ACTION

1.    Plaintiff's complaint is rooted in negligence, carelessness, and/or recklessness.

2.    Plaintiff is seeking monetary damages for serious and severe personal injuries that he sustained in a premises incident.

## THE PARTIES

3.    Plaintiff, at all times herein mentioned, was and still is a resident of the County of Fairfield, State of Connecticut.

4.    At all times herein mentioned, defendant FISHER-PARK LANE OWNER LLC was a domestic business corporation, organized and existing under the laws of the State of New York.

5.    At all times herein mentioned, defendant FISHER BROTHERS MANAGEMENT CO. LLC was a domestic business corporation, organized and existing under the laws of the State of New York.

6.    Defendant MARKETAXESS CORPORATION, at all times herein mentioned, was and still is a foreign business corporation, organized and existing under Delaware law, authorized to conduct business in the State of New York, having a principal place of business at 55 Hudson Yards, in the City, County, and State of New York.

7.    Defendant MARKETAXESS CORPORATION, at all times herein mentioned, was conducting business in the State of New York.

8.    At all times herein mentioned, defendant MARKETAXESS CORPORATION transacted business within the State of New York and/or contracted anywhere to supply goods or services in the State of New York.

9.    At all times herein mentioned, defendant MARKETAXESS CORPORATION committed a tortious act within the State of New York.

10.    At all times herein mentioned, defendant MARKETAXESS CORPORATION committed a tortious act without the State of New York, causing injury to person or property within the State of New York.

11.    At all times herein mentioned, defendant MARKETAXESS CORPORATION owned, used, or possessed any real property situated with the State of New York.

12.    Defendant MARKETAXESS HOLDINGS INC., at all times herein mentioned, was and still is a foreign business corporation, organized and existing under Delaware law, authorized to conduct business in the State of New York, having a principal place of business at 55 Hudson Yards, in the City, County, and State of New York.

13.    Defendant MARKETAXESS HOLDINGS INC., at all times herein mentioned, was conducting business in the State of New York.

14.    At all times herein mentioned, defendant MARKETAXESS HOLDINGS INC. transacted business within the State of New York and/or contracted anywhere to supply goods or services in the State of New York.

15.    At all times herein mentioned, defendant MARKETAXESS HOLDINGS INC. committed a tortious act within the State of New York.

16.    At all times herein mentioned, defendant MARKETAXESS HOLDINGS INC. committed a tortious act without the State of New York, causing injury to person or property within the State of New York.

17.    At all times herein mentioned, defendant MARKETAXESS HOLDINGS INC. owned, used, or possessed any real property situated with the State of New York.

18.    Defendant CONGRUITY, at all times herein mentioned, was and still is a foreign business corporation, organized and existing under Massachusetts law,

authorized to conduct business in the State of New York, having a principal place of business at 56 Pembroke Woods Drive, Pembroke, MA 02359.

19.    Defendant CONGRUITY, at all times herein mentioned, was conducting business in the State of New York.

20.    At all times herein mentioned, defendant CONGRUITY transacted business within the State of New York and/or contracted anywhere to supply goods or services in the State of New York.

21.    At all times herein mentioned, defendant CONGRUITY committed a tortious act within the State of New York.

22.    At all times herein mentioned, defendant CONGRUITY committed a tortious act without the State of New York, causing injury to person or property within the State of New York.

23.    At all times herein mentioned, defendant CONGRUITY owned, used, or possessed any real property situated with the State of New York.

24.    Defendant CONGRUITY 360, at all times herein mentioned, was and still is a foreign business corporation, organized and existing under Massachusetts law, authorized to conduct business in the State of New York, having a principal place of business at 456 Bedford Street, Fall River, MA 02720.

25.    Defendant CONGRUITY 360, at all times herein mentioned, was conducting business in the State of New York.

26.    At all times herein mentioned, defendant CONGRUITY 360 transacted business within the State of New York and/or contracted anywhere to supply goods or services in the State of New York.

27.     At all times herein mentioned, defendant CONGRUITY 360 committed a tortious act within the State of New York.

28.     At all times herein mentioned, defendant CONGRUITY 360 committed a tortious act without the State of New York, causing injury to person or property within the State of New York.

29.     At all times herein mentioned, defendant CONGRUITY 360 owned, used, or possessed any real property situated with the State of New York.

30.     Defendant MSDI LLC, at all times herein mentioned, was and still is a foreign business corporation, organized and existing under Massachusetts law, authorized to conduct business in the State of New York, having a principal place of business at 56 Pembroke Woods Drive, Pembroke, MA 02359.

31.     Defendant MSDI LLC, at all times herein mentioned, was conducting business in the State of New York.

32.     At all times herein mentioned, defendant MSDI LLC transacted business within the State of New York and/or contracted anywhere to supply goods or services in the State of New York.

33.     At all times herein mentioned, defendant MSDI LLC committed a tortious act within the State of New York.

34.     At all times herein mentioned, defendant MSDI LLC committed a tortious act without the State of New York, causing injury to person or property within the State of New York.

35.     At all times herein mentioned, defendant MSDI LLC owned, used, or possessed any real property situated with the State of New York.

36.    At all times herein mentioned, FAST FLEET JFK was doing business as FAST FLEET SYSTEMS, INC.

37.    At all times herein mentioned, defendant FAST FLEET JFK was a domestic business corporation, organized and existing under the laws of the State of New York.

38.    Defendant FAST FLEET JFK, at all times herein mentioned, was and still is a foreign business corporation, authorized to conduct business in the State of New York, having a principal place of business at 147-10 181st Street, Jamaica, NY 11413.

39.    Defendant FAST FLEET JFK, at all times herein mentioned, was conducting business in the State of New York.

40.    At all times herein mentioned, defendant FAST FLEET JFK transacted business within the State of New York and/or contracted anywhere to supply goods or services in the State of New York.

41.    At all times herein mentioned, defendant FAST FLEET JFK committed a tortious act within the State of New York.

42.    At all times herein mentioned, defendant FAST FLEET JFK committed a tortious act without the State of New York, causing injury to person or property within the State of New York.

43.    At all times herein mentioned, defendant FAST FLEET JFK owned, used, or possessed any real property situated with the State of New York.

44.    At all times herein mentioned, SMOOTH OPERATORS SERVICES LLC was doing business as FAST FLEET – JFK.

45.     At all times herein mentioned, defendant SMOOTH OPERATORS SERVICES LLC was a domestic business corporation, organized and existing under the laws of the State of New York.

46.     Defendant SMOOTH OPERATORS SERVICES LLC, at all times herein mentioned, was and still is a foreign business corporation, authorized to conduct business in the State of New York, having a principal place of business at 147-10 181st Street, Jamaica, NY 11413.

47.     Defendant SMOOTH OPERATORS SERVICES LLC, at all times herein mentioned, was conducting business in the State of New York.

48.     At all times herein mentioned, defendant SMOOTH OPERATORS SERVICES LLC transacted business within the State of New York and/or contracted anywhere to supply goods or services in the State of New York.

49.     At all times herein mentioned, defendant SMOOTH OPERATORS SERVICES LLC committed a tortious act within the State of New York.

50.     At all times herein mentioned, defendant SMOOTH OPERATORS SERVICES LLC committed a tortious act without the State of New York, causing injury to person or property within the State of New York.

51.     At all times herein mentioned, defendant SMOOTH OPERATORS SERVICES LLC owned, used, or possessed any real property situated with the State of New York.

52.     At all times herein mentioned, defendant WARREN BAINBRIDGE was and still is a resident of the County of Bronx, State of New York.

53.    Defendant NICA, INC., at all times herein mentioned, was and still is a foreign business corporation, organized and existing under Massachusetts law, authorized to conduct business in the State of New York, having a principal place of business at 99 Derby Street, Hingham, MA 02043.

54.    Defendant NICA, INC., at all times herein mentioned, was conducting business in the State of New York.

55.    At all times herein mentioned, defendant NICA, INC. transacted business within the State of New York and/or contracted anywhere to supply goods or services in the State of New York.

56.    At all times herein mentioned, defendant NICA, INC. committed a tortious act within the State of New York.

57.    At all times herein mentioned, defendant NICA, INC. committed a tortious act without the State of New York, causing injury to person or property within the State of New York.

58.    At all times herein mentioned, defendant NICA, INC. owned, used, or possessed any real property situated with the State of New York.

59.    Defendant 3PL INTEGRATION LLC, at all times herein mentioned, was and still is a foreign business corporation, organized and existing under Massachusetts law, authorized to conduct business in the State of New York, having a principal place of business at 900 Route 134, Ste 2-17, S. Dennis, Massachusetts 02660.

60.    Defendant 3PL INTEGRATION LLC, at all times herein mentioned, was conducting business in the State of New York.

61.    At all times herein mentioned, defendant 3PL INTEGRATION LLC transacted business within the State of New York and/or contracted anywhere to supply goods or services in the State of New York.

62.    At all times herein mentioned, defendant 3PL INTEGRATION LLC committed a tortious act within the State of New York.

63.    At all times herein mentioned, defendant 3PL INTEGRATION LLC committed a tortious act without the State of New York, causing injury to person or property within the State of New York.

64.    At all times herein mentioned, defendant 3PL INTEGRATION LLC owned, used, or possessed any real property situated with the State of New York.

## JURISDICTION AND VENUE

65.    The parties are citizens of different states.

66.    The amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

67.    The foregoing confer this court with original jurisdiction over the subject matter of this complaint and over parties hereto, pursuant to 28 U.S. Code § 1332.

68.    Venue is proper and appropriate in the United States District Court Southern District of New York, pursuant to 28 U.S. Code § 1391(b)(1), because some of the defendants reside in New York, New York and resided thereat at the time of the subject incident.

69.    Venue is proper and appropriate in the United States District Court Southern District of New York pursuant to 28 U.S. Code § 1391(b)(2) because the premises incident, which is the subject matter of this action, occurred in New York, New York.

## FACTUAL BACKGROUND & CAUSE OF ACTION

70.     On March 29, 2019, defendant FISHER-PARK LANE OWNER LLC was the owner of certain premises located at 299 Park Avenue, in the City, County, and State of New York.

71.     On March 29, 2019, defendant FISHER-PARK LANE OWNER LLC was the lessor of certain premises located at 299 Park Avenue, in the City, County, and State of New York.

72.     On March 29, 2019, defendant FISHER-PARK LANE OWNER LLC was a lessee of certain premises located at 299 Park Avenue, in the City, County, and State of New York.

73.     On March 29, 2019, defendant FISHER-PARK LANE OWNER LLC maintained certain premises located at 299 Park Avenue, in the City, County, and State of New York.

74.     On March 29, 2019, defendant FISHER-PARK LANE OWNER LLC managed certain premises located at 299 Park Avenue, in the City, County, and State of New York.

75.     On March 29, 2019, defendant FISHER-PARK LANE OWNER LLC controlled certain premises located at 299 Park Avenue, in the City, County, and State of New York.

76.     On March 29, 2019, defendant FISHER-PARK LANE OWNER LLC supervised certain premises located at 299 Park Avenue, in the City, County, and State of New York.

77.    On March 29, 2019, defendant FISHER-PARK LANE OWNER LLC inspected certain premises located at 299 Park Avenue, in the City, County, and State of New York.

78.    On or before March 29, 2019, defendant FISHER-PARK LANE OWNER LLC designed certain premises located at 299 Park Avenue, in the City, County, and State of New York.

79.    On March 29, 2019, defendant FISHER-PARK LANE OWNER LLC operated certain premises located at 299 Park Avenue, in the City, County, and State of New York.

80.    On March 29, 2019, it was the duty of defendant FISHER-PARK LANE OWNER LLC, by its agents, servants, and/or employees, to keep the premises located at 299 Park Avenue, in the City, County, and State of New York in a reasonably safe condition.

81.    On and/or before March 29, 2019, defendant FISHER-PARK LANE OWNER LLC entered into a contract and/or agreement (written or oral) with defendant FISHER BROTHERS MANAGEMENT CO. LLC for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

82.    On and/or before March 29, 2019, defendant FISHER-PARK LANE OWNER LLC entered into a contract and/or agreement (written or oral) with defendant MARKETAXESS CORPORATION for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain

electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

83.     On and/or before March 29, 2019, defendant FISHER-PARK LANE OWNER LLC entered into a contract and/or agreement (written or oral) with defendant MARKETAXESS HOLDINGS INC. for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

84.     On and/or before March 29, 2019, defendant FISHER-PARK LANE OWNER LLC entered into a contract and/or agreement (written or oral) with defendant CONGRUITY for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

85.     On and/or before March 29, 2019, defendant FISHER-PARK LANE OWNER LLC entered into a contract and/or agreement (written or oral) with defendant CONGRUITY 360 for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

86.     On and/or before March 29, 2019, defendant FISHER-PARK LANE OWNER LLC entered into a contract and/or agreement (written or oral) with defendant MSDI LLC for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

87.    On and/or before March 29, 2019, defendant FISHER-PARK LANE OWNER LLC entered into a contract and/or agreement (written or oral) with defendant FAST FLEET JFK for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

88.    On and/or before March 29, 2019, defendant FISHER-PARK LANE OWNER LLC entered into a contract and/or agreement (written or oral) with defendant FAST FLEET SYSTEMS, INC. for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

89.    On and/or before March 29, 2019, defendant FISHER-PARK LANE OWNER LLC entered into a contract and/or agreement (written or oral) with defendant SMOOTH OPERATORS SERVICES LLC for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

90.    On and/or before March 29, 2019, defendant FISHER-PARK LANE OWNER LLC entered into a contract and/or agreement (written or oral) with defendant FAST FLEET – JFK for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

91.    On and/or before March 29, 2019, defendant FISHER-PARK LANE OWNER LLC entered into a contract and/or agreement (written or oral) with defendant WARREN BAINBRIDGE for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

92.    On and/or before March 29, 2019, defendant FISHER-PARK LANE OWNER LLC entered into a contract and/or agreement (written or oral) with defendant NICA, INC. for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

93.    On and/or before March 29, 2019, defendant FISHER-PARK LANE OWNER LLC entered into a contract and/or agreement (written or oral) with defendant 3PL INTEGRATION LLC for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

94.    On and/or before March 29, 2019, defendant FISHER-PARK LANE OWNER LLC entered into a contract and/or agreement (written or oral) with plaintiff's employer for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

95.    On and/or before March 29, 2019, defendant FISHER-PARK LANE OWNER LLC directed, managed, and/or controlled the provision and performance of certain work, labor, and/or services located at 299 Park Avenue, in the City, County, and State of New York.

96.    On or before March 29, 2019, defendant FISHER-PARK LANE OWNER LLC hired individuals and/or entities to provide and perform certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

97.    On or before March 29, 2019, defendant FISHER-PARK LANE OWNER LLC entered into an agreement and/or contract (written or oral) for it to provide certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

98.    On March 29, 2019, defendant FISHER-PARK LANE OWNER LLC was the manager for work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

99.    On March 29, 2019, defendant FISHER-PARK LANE OWNER LLC was the general contractor for certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

100.    On March 29, 2019, defendant FISHER-PARK LANE OWNER LLC, its agents, servants, and/or employees performed certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

101.    On March 29, 2019, defendant FISHER-PARK LANE OWNER LLC, its agents, servants, and/or employees supervised certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

102.    On March 29, 2019, defendant FISHER-PARK LANE OWNER LLC, its agents, servants, and/or employees directed certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

103.    On March 29, 2019, defendant FISHER-PARK LANE OWNER LLC, its agents, servants, and/or employees inspected certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

104.    On March 29, 2019, defendant FISHER-PARK LANE OWNER LLC, its agents, servants, and/or employees regulated certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

105.    On March 29, 2019, defendant FISHER-PARK LANE OWNER LLC, its agents, servants, and/or employees controlled certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

106.    On March 29, 2019, defendant FISHER-PARK LANE OWNER LLC, its agents, servants, and/or employees managed certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

107.    On March 29, 2019, defendant FISHER-PARK LANE OWNER LLC, its agents, servants, and/or employees maintained certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

108.    On March 29, 2019, defendant FISHER-PARK LANE OWNER LLC, its agents, servants, and/or employees provided certain supplies for certain work, labor,

and/or services at the premises known as 299 Park Avenue, In the City, County, and State of New York.

109.    On March 29, 2019, defendant FISHER-PARK LANE OWNER LLC, its agents, servants, and/or employees provided certain tools for certain work, labor, and/or services at the premises known as 299 Park Avenue, In the City, County, and State of New York.

110.    On March 29, 2019, it was the duty of defendant FISHER-PARK LANE OWNER LLC to provide a reasonably safe place to work for people performing alteration and other covered work at the site.

111.    On March 29, 2019, defendant FISHER BROTHERS MANAGEMENT CO. LLC was the owner of certain premises located at 299 Park Avenue, in the City, County, and State of New York.

112.    On March 29, 2019, defendant FISHER BROTHERS MANAGEMENT CO. LLC was the lessor of certain premises located at 299 Park Avenue, in the City, County, and State of New York.

113.    On March 29, 2019, defendant FISHER BROTHERS MANAGEMENT CO. LLC was a lessee of certain premises located at 299 Park Avenue, in the City, County, and State of New York.

114.    On March 29, 2019, defendant FISHER BROTHERS MANAGEMENT CO. LLC maintained certain premises located at 299 Park Avenue, in the City, County, and State of New York.

115.    On March 29, 2019, defendant FISHER BROTHERS MANAGEMENT CO. LLC managed certain premises located at 299 Park Avenue, in the City, County, and State of New York.

116.    On March 29, 2019, defendant FISHER BROTHERS MANAGEMENT CO. LLC controlled certain premises located at 299 Park Avenue, in the City, County, and State of New York.

117.    On March 29, 2019, defendant FISHER BROTHERS MANAGEMENT CO. LLC supervised certain premises located at 299 Park Avenue, in the City, County, and State of New York.

118.    On March 29, 2019, defendant FISHER BROTHERS MANAGEMENT CO. LLC inspected certain premises located at 299 Park Avenue, in the City, County, and State of New York.

119.    On or before March 29, 2019, defendant FISHER BROTHERS MANAGEMENT CO. LLC designed certain premises located at 299 Park Avenue, in the City, County, and State of New York.

120.    On March 29, 2019, defendant FISHER BROTHERS MANAGEMENT CO. LLC operated certain premises located at 299 Park Avenue, in the City, County, and State of New York.

121.    On March 29, 2019, it was the duty of defendant FISHER BROTHERS MANAGEMENT CO. LLC, by its agents, servants, and/or employees, to keep the premises located at 299 Park Avenue, in the City, County, and State of New York in a reasonably safe condition.

122.    On and/or before March 29, 2019, defendant FISHER BROTHERS MANAGEMENT CO. LLC entered into a contract and/or agreement (written or oral) with defendant FISHER-PARK LANE OWNER LLC for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

123.    On and/or before March 29, 2019, defendant FISHER BROTHERS MANAGEMENT CO. LLC entered into a contract and/or agreement (written or oral) with defendant MARKETAXESS CORPORATION for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

124.    On and/or before March 29, 2019, defendant FISHER BROTHERS MANAGEMENT CO. LLC entered into a contract and/or agreement (written or oral) with defendant MARKETAXESS HOLDINGS INC. for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

125.    On and/or before March 29, 2019, defendant FISHER BROTHERS MANAGEMENT CO. LLC entered into a contract and/or agreement (written or oral) with defendant CONGRUITY for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

126.   On and/or before March 29, 2019, defendant FISHER BROTHERS MANAGEMENT CO. LLC entered into a contract and/or agreement (written or oral) with defendant CONGRUITY 360 for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

127.   On and/or before March 29, 2019, defendant FISHER BROTHERS MANAGEMENT CO. LLC entered into a contract and/or agreement (written or oral) with defendant MSDI LLC for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

128.   On and/or before March 29, 2019, defendant FISHER BROTHERS MANAGEMENT CO. LLC entered into a contract and/or agreement (written or oral) with defendant FAST FLEET JFK for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

129.   On and/or before March 29, 2019, defendant FISHER BROTHERS MANAGEMENT CO. LLC entered into a contract and/or agreement (written or oral) with defendant FAST FLEET SYSTEMS, INC. for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

130.   On and/or before March 29, 2019, defendant FISHER BROTHERS MANAGEMENT CO. LLC entered into a contract and/or agreement (written or oral) with defendant SMOOTH OPERATORS SERVICES LLC for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

131.   On and/or before March 29, 2019, defendant FISHER BROTHERS MANAGEMENT CO. LLC entered into a contract and/or agreement (written or oral) with defendant FAST FLEET – JFK for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

132.   On and/or before March 29, 2019, defendant FISHER BROTHERS MANAGEMENT CO. LLC entered into a contract and/or agreement (written or oral) with defendant WARREN BAINBRIDGE for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

133.   On and/or before March 29, 2019, defendant FISHER BROTHERS MANAGEMENT CO. LLC entered into a contract and/or agreement (written or oral) with defendant NICA, INC. for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

134.    On and/or before March 29, 2019, defendant FISHER BROTHERS MANAGEMENT CO. LLC entered into a contract and/or agreement (written or oral) with defendant 3PL INTEGRATION LLC for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

135.    On and/or before March 29, 2019, defendant FISHER BROTHERS MANAGEMENT CO. LLC entered into a contract and/or agreement (written or oral) with plaintiff's employer for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

136.    On and/or before March 29, 2019, defendant FISHER BROTHERS MANAGEMENT CO. LLC directed, managed, and/or controlled the provision and performance of certain work, labor, and/or services located at 299 Park Avenue, in the City, County, and State of New York.

137.    On or before March 29, 2019, defendant FISHER BROTHERS MANAGEMENT CO. LLC hired individuals and/or entities to provide and perform certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

138.    On or before March 29, 2019, defendant FISHER BROTHERS MANAGEMENT CO. LLC entered into an agreement and/or contract (written or oral) for it to provide certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

139.    On March 29, 2019, defendant FISHER BROTHERS MANAGEMENT CO. LLC was the manager for work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

140.    On March 29, 2019, defendant FISHER BROTHERS MANAGEMENT CO. LLC was the general contractor for certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

141.    On March 29, 2019, defendant FISHER BROTHERS MANAGEMENT CO. LLC, its agents, servants, and/or employees performed certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

142.    On March 29, 2019, defendant FISHER BROTHERS MANAGEMENT CO. LLC, its agents, servants, and/or employees supervised certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

143.    On March 29, 2019, defendant FISHER BROTHERS MANAGEMENT CO. LLC, its agents, servants, and/or employees directed certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

144.    On March 29, 2019, defendant FISHER BROTHERS MANAGEMENT CO. LLC, its agents, servants, and/or employees inspected certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

145.    On March 29, 2019, defendant FISHER BROTHERS MANAGEMENT CO. LLC, its agents, servants, and/or employees regulated certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

146.    On March 29, 2019, defendant FISHER BROTHERS MANAGEMENT CO. LLC, its agents, servants, and/or employees controlled certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

147.    On March 29, 2019, defendant FISHER BROTHERS MANAGEMENT CO. LLC, its agents, servants, and/or employees managed certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

148.    On March 29, 2019, defendant FISHER BROTHERS MANAGEMENT CO. LLC, its agents, servants, and/or employees maintained certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

149.    On March 29, 2019, defendant FISHER BROTHERS MANAGEMENT CO. LLC, its agents, servants, and/or employees provided certain supplies for certain work, labor, and/or services at the premises known as 299 Park Avenue, In the City, County, and State of New York.

150.    On March 29, 2019, defendant FISHER BROTHERS MANAGEMENT CO. LLC, its agents, servants, and/or employees provided certain tools for certain work,

labor, and/or services at the premises known as 299 Park Avenue, In the City, County, and State of New York.

151.    On March 29, 2019, it was the duty of defendant FISHER BROTHERS MANAGEMENT CO. LLC to provide a reasonably safe place to work for people performing alteration and other covered work at the site.

152.    On March 29, 2019, defendant MARKETAXESS CORPORATION was the owner of certain premises located at 299 Park Avenue, in the City, County, and State of New York.

153.    On March 29, 2019, defendant MARKETAXESS CORPORATION was the lessor of certain premises located at 299 Park Avenue, in the City, County, and State of New York.

154.    On March 29, 2019, defendant MARKETAXESS CORPORATION was a lessee of certain premises located at 299 Park Avenue, in the City, County, and State of New York.

155.    On March 29, 2019, defendant MARKETAXESS CORPORATION maintained certain premises located at 299 Park Avenue, in the City, County, and State of New York.

156.    On March 29, 2019, defendant MARKETAXESS CORPORATION managed certain premises located at 299 Park Avenue, in the City, County, and State of New York.

157.    On March 29, 2019, defendant MARKETAXESS CORPORATION controlled certain premises located at 299 Park Avenue, in the City, County, and State of New York.

158.   On March 29, 2019, defendant MARKETAXESS CORPORATION supervised certain premises located at 299 Park Avenue, in the City, County, and State of New York.

159.   On March 29, 2019, defendant MARKETAXESS CORPORATION inspected certain premises located at 299 Park Avenue, in the City, County, and State of New York.

160.   On or before March 29, 2019, defendant MARKETAXESS CORPORATION designed certain premises located at 299 Park Avenue, in the City, County, and State of New York.

161.   On March 29, 2019, defendant MARKETAXESS CORPORATION operated certain premises located at 299 Park Avenue, in the City, County, and State of New York.

162.   On March 29, 2019, it was the duty of defendant MARKETAXESS CORPORATION, by its agents, servants, and/or employees, to keep the premises located at 299 Park Avenue, in the City, County, and State of New York in a reasonably safe condition.

163.   On and/or before March 29, 2019, defendant MARKETAXESS CORPORATION entered into a contract and/or agreement (written or oral) with defendant FISHER-PARK LANE OWNER LLC for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

164. On and/or before March 29, 2019, defendant MARKETAXESS CORPORATION entered into a contract and/or agreement (written or oral) with defendant FISHER BROTHERS MANAGEMENT CO. LLC for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

165. On and/or before March 29, 2019, defendant MARKETAXESS CORPORATION entered into a contract and/or agreement (written or oral) with defendant MARKETAXESS HOLDINGS INC. for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

166. On and/or before March 29, 2019, defendant MARKETAXESS CORPORATION entered into a contract and/or agreement (written or oral) with defendant CONGRUITY for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

167. On and/or before March 29, 2019, defendant MARKETAXESS CORPORATION entered into a contract and/or agreement (written or oral) with defendant CONGRUITY 360 for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

168.    On and/or before March 29, 2019, defendant MARKETAXESS CORPORATION entered into a contract and/or agreement (written or oral) with defendant MSDI LLC for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

169.    On and/or before March 29, 2019, defendant MARKETAXESS CORPORATION entered into a contract and/or agreement (written or oral) with defendant FAST FLEET JFK for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

170.    On and/or before March 29, 2019, defendant MARKETAXESS CORPORATION entered into a contract and/or agreement (written or oral) with defendant FAST FLEET SYSTEMS, INC. for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

171.    On and/or before March 29, 2019, defendant MARKETAXESS CORPORATION entered into a contract and/or agreement (written or oral) with defendant SMOOTH OPERATORS SERVICES LLC for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

172.    On and/or before March 29, 2019, defendant MARKETAXESS CORPORATION entered into a contract and/or agreement (written or oral) with defendant FAST FLEET – JFK for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

173.    On and/or before March 29, 2019, defendant MARKETAXESS CORPORATION entered into a contract and/or agreement (written or oral) with defendant WARREN BAINBRIDGE for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

174.    On and/or before March 29, 2019, defendant MARKETAXESS CORPORATION entered into a contract and/or agreement (written or oral) with defendant NICA, INC. for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

175.    On and/or before March 29, 2019, defendant MARKETAXESS CORPORATION entered into a contract and/or agreement (written or oral) with defendant 3PL INTEGRATION LLC for the provision and performance of certain work, labor, and/or services, including but not necessarily limited the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

176. On and/or before March 29, 2019, defendant MARKETAXESS CORPORATION entered into a contract and/or agreement (written or oral) with plaintiff's employer for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

177. On and/or before March 29, 2019, defendant MARKETAXESS CORPORATION directed, managed, and/or controlled the provision and performance of certain work, labor, and/or services located at 299 Park Avenue, in the City, County, and State of New York.

178. On or before March 29, 2019, defendant MARKETAXESS CORPORATION hired individuals and/or entities to provide and perform certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

179. On or before March 29, 2019, defendant MARKETAXESS CORPORATION entered into an agreement and/or contract (written or oral) for it to provide certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

180. On March 29, 2019, defendant MARKETAXESS CORPORATION was the manager for work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

181. On March 29, 2019, defendant MARKETAXESS CORPORATION was the general contractor for certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

182.   On March 29, 2019, defendant MARKETAXESS CORPORATION, its agents, servants, and/or employees performed certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

183.   On March 29, 2019, defendant MARKETAXESS CORPORATION, its agents, servants, and/or employees supervised certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

184.   On March 29, 2019, defendant MARKETAXESS CORPORATION, its agents, servants, and/or employees directed certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

185.   On March 29, 2019, defendant MARKETAXESS CORPORATION, its agents, servants, and/or employees inspected certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

186.   On March 29, 2019, defendant MARKETAXESS CORPORATION, its agents, servants, and/or employees regulated certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

187.   On March 29, 2019, defendant MARKETAXESS CORPORATION, its agents, servants, and/or employees controlled certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

188.   On March 29, 2019, defendant MARKETAXESS CORPORATION, its agents, servants, and/or employees managed certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

189.   On March 29, 2019, defendant MARKETAXESS CORPORATION, its agents, servants, and/or employees maintained certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

190.   On March 29, 2019, defendant MARKETAXESS CORPORATION, its agents, servants, and/or employees provided certain supplies for certain work, labor, and/or services at the premises known as 299 Park Avenue, In the City, County, and State of New York.

191.   On March 29, 2019, defendant MARKETAXESS CORPORATION, its agents, servants, and/or employees provided certain tools for certain work, labor, and/or services at the premises known as 299 Park Avenue, In the City, County, and State of New York.

192.   On March 29, 2019, it was the duty of defendant MARKETAXESS CORPORATION, its agents, servants, and/or employees to provide a reasonably safe place to work for people performing alteration and other covered work at the site.

193.   On March 29, 2019, defendant MARKETAXESS HOLDINGS INC. was the owner of certain premises located at 299 Park Avenue, in the City, County, and State of New York.

194.   On March 29, 2019, defendant MARKETAXESS HOLDINGS INC. was the lessor of certain premises located at 299 Park Avenue, in the City, County, and State of New York.

195.   On March 29, 2019, defendant MARKETAXESS HOLDINGS INC. was a lessee of certain premises located at 299 Park Avenue, in the City, County, and State of New York.

196.    On March 29, 2019, defendant MARKETAXESS HOLDINGS INC. maintained certain premises located at 299 Park Avenue, in the City, County, and State of New York.

197.    On March 29, 2019, defendant MARKETAXESS HOLDINGS INC. managed certain premises located at 299 Park Avenue, in the City, County, and State of New York.

198.    On March 29, 2019, defendant MARKETAXESS HOLDINGS INC. controlled certain premises located at 299 Park Avenue, in the City, County, and State of New York.

199.    On March 29, 2019, defendant MARKETAXESS HOLDINGS INC. supervised certain premises located at 299 Park Avenue, in the City, County, and State of New York.

200.    On March 29, 2019, defendant MARKETAXESS HOLDINGS INC. inspected certain premises located at 299 Park Avenue, in the City, County, and State of New York.

201.    On or before March 29, 2019, defendant MARKETAXESS HOLDINGS INC. designed certain premises located at 299 Park Avenue, in the City, County, and State of New York.

202.    On March 29, 2019, defendant MARKETAXESS HOLDINGS INC. operated certain premises located at 299 Park Avenue, in the City, County, and State of New York.

203.    On March 29, 2019, it was the duty of defendant MARKETAXESS HOLDINGS INC. to keep the premises located at 299 Park Avenue, in the City, County, and State of New York in a reasonably safe condition.

204.    On and/or before March 29, 2019, defendant MARKETAXESS HOLDINGS INC. entered into a contract and/or agreement (written or oral) with defendant FISHER-PARK LANE OWNER LLC for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

205.    On and/or before March 29, 2019, defendant MARKETAXESS HOLDINGS INC. entered into a contract and/or agreement (written or oral) with defendant FISHER BROTHERS MANAGEMENT CO. LLC for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

206.    On and/or before March 29, 2019, defendant MARKETAXESS HOLDINGS INC. entered into a contract and/or agreement (written or oral) with defendant MARKETAXESS CORPORATION for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

207.    On and/or before March 29, 2019, defendant MARKETAXESS HOLDINGS INC. entered into a contract and/or agreement (written or oral) with defendant

CONGRUITY for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

208.    On and/or before March 29, 2019, defendant MARKETAXESS HOLDINGS INC. entered into a contract and/or agreement (written or oral) with defendant CONGRUITY 360 for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

209.    On and/or before March 29, 2019, defendant MARKETAXESS HOLDINGS INC. entered into a contract and/or agreement (written or oral) with defendant MSDI LLC for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

210.    On and/or before March 29, 2019, defendant MARKETAXESS HOLDINGS INC. entered into a contract and/or agreement (written or oral) with defendant FAST FLEET JFK for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

211.    On and/or before March 29, 2019, defendant MARKETAXESS HOLDINGS INC. entered into a contract and/or agreement (written or oral) with defendant FAST FLEET SYSTEMS, INC. for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

212.    On and/or before March 29, 2019, defendant MARKETAXESS HOLDINGS INC. entered into a contract and/or agreement (written or oral) with defendant SMOOTH OPERATORS SERVICES LLC for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

213.    On and/or before March 29, 2019, defendant MARKETAXESS HOLDINGS INC. entered into a contract and/or agreement (written or oral) with defendant FAST FLEET – JFK for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

214.    On and/or before March 29, 2019, defendant MARKETAXESS HOLDINGS INC. entered into a contract and/or agreement (written or oral) with defendant WARREN BAINBRIDGE for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

215.    On and/or before March 29, 2019, defendant MARKETAXESS HOLDINGS INC. entered into a contract and/or agreement (written or oral) with defendant NICA, INC. for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

216.    On and/or before March 29, 2019, defendant MARKETAXESS HOLDINGS INC. entered into a contract and/or agreement (written or oral) with defendant 3PL

INTEGRATION LLC for the provision and performance of certain work, labor, and/or services, including but not necessarily limited the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

217.    On and/or before March 29, 2019, defendant MARKETAXESS HOLDINGS INC. entered into a contract and/or agreement (written or oral) with plaintiff's employer for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

218.    On and/or before March 29, 2019, defendant MARKETAXESS HOLDINGS INC. directed, managed, and/or controlled the provision and performance of certain work, labor, and/or services located at 299 Park Avenue, in the City, County, and State of New York.

219.    On or before March 29, 2019, defendant MARKETAXESS HOLDINGS INC. hired individuals and/or entities to provide and perform certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

220.    On or before March 29, 2019, defendant MARKETAXESS HOLDINGS INC. entered into an agreement and/or contract (written or oral) for it to provide certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

221.    On March 29, 2019, defendant MARKETAXESS HOLDINGS INC. was the manager for work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

222.    On March 29, 2019, defendant MARKETAXESS HOLDINGS INC. was the general contractor for certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

223.    On March 29, 2019, defendant MARKETAXESS HOLDINGS INC. , its agents, servants, and/or employees performed certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

224.    On March 29, 2019, defendant MARKETAXESS HOLDINGS INC. , its agents, servants, and/or employees supervised certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

225.    On March 29, 2019, defendant MARKETAXESS HOLDINGS INC. , its agents, servants, and/or employees directed certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

226.    On March 29, 2019, defendant MARKETAXESS HOLDINGS INC. , its agents, servants, and/or employees inspected certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

227.    On March 29, 2019, defendant MARKETAXESS HOLDINGS INC. , its agents, servants, and/or employees regulated certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

228.    On March 29, 2019, defendant MARKETAXESS HOLDINGS INC. , its agents, servants, and/or employees controlled certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

229. On March 29, 2019, defendant MARKETAXESS HOLDINGS INC. , its agents, servants, and/or employees managed certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

230. On March 29, 2019, defendant MARKETAXESS HOLDINGS INC. , its agents, servants, and/or employees maintained certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

231. On March 29, 2019, defendant MARKETAXESS HOLDINGS INC. , its agents, servants, and/or employees provided certain supplies for certain work, labor, and/or services at the premises known as 299 Park Avenue, In the City, County, and State of New York.

232. On March 29, 2019, defendant MARKETAXESS HOLDINGS INC. , its agents, servants, and/or employees provided certain tools for certain work, labor, and/or services at the premises known as 299 Park Avenue, In the City, County, and State of New York.

233. On March 29, 2019, it was the duty of defendant MARKETAXESS HOLDINGS INC. to provide a reasonably safe place to work for people performing alteration and other covered work at the site.

234. On March 29, 2019, defendant CONGRUITY was the owner of certain premises located at 299 Park Avenue, in the City, County, and State of New York.

235. On March 29, 2019, defendant CONGRUITY was the lessor of certain premises located at 299 Park Avenue, in the City, County, and State of New York.

236. On March 29, 2019, defendant CONGRUITY was a lessee of certain premises located at 299 Park Avenue, in the City, County, and State of New York.

237.    On March 29, 2019, defendant CONGRUITY maintained certain premises located at 299 Park Avenue, in the City, County, and State of New York.

238.    On March 29, 2019, defendant CONGRUITY managed certain premises located at 299 Park Avenue, in the City, County, and State of New York.

239.    On March 29, 2019, defendant CONGRUITY controlled certain premises located at 299 Park Avenue, in the City, County, and State of New York.

240.    On March 29, 2019, defendant CONGRUITY supervised certain premises located at 299 Park Avenue, in the City, County, and State of New York.

241.    On March 29, 2019, defendant CONGRUITY inspected certain premises located at 299 Park Avenue, in the City, County, and State of New York.

242.    On or before March 29, 2019, defendant CONGRUITY designed certain premises located at 299 Park Avenue, in the City, County, and State of New York.

243.    On March 29, 2019, defendant CONGRUITY operated certain premises located at 299 Park Avenue, in the City, County, and State of New York.

244.    On March 29, 2019, it was the duty of defendant CONGRUITY, by its agents, servants, and/or employees, to keep the premises located at 299 Park Avenue, in the City, County, and State of New York in a reasonably safe condition.

245.    On and/or before March 29, 2019, defendant CONGRUITY entered into a contract and/or agreement (written or oral) with defendant FISHER-PARK LANE OWNER LLC for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

246.    On and/or before March 29, 2019, defendant CONGRUITY entered into a contract and/or agreement (written or oral) with defendant FISHER BROTHERS MANAGEMENT CO. LLC for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

247.    On and/or before March 29, 2019, defendant CONGRUITY entered into a contract and/or agreement (written or oral) with defendant MARKETAXESS CORPORATION for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

248.    On and/or before March 29, 2019, defendant CONGRUITY entered into a contract and/or agreement (written or oral) with defendant MARKETAXESS HOLDINGS INC. for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

249.    On and/or before March 29, 2019, defendant CONGRUITY entered into a contract and/or agreement (written or oral) with defendant CONGRUITY 360 for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

250.    On and/or before March 29, 2019, defendant CONGRUITY entered into a contract and/or agreement (written or oral) with defendant MSDI LLC for the provision

and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

251.    On and/or before March 29, 2019, defendant CONGRUITY entered into a contract and/or agreement (written or oral) with defendant FAST FLEET JFK for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

252.    On and/or before March 29, 2019, defendant CONGRUITY entered into a contract and/or agreement (written or oral) with defendant FAST FLEET SYSTEMS, INC. for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

253.    On and/or before March 29, 2019, defendant CONGRUITY entered into a contract and/or agreement (written or oral) with defendant SMOOTH OPERATORS SERVICES LLC for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

254.    On and/or before March 29, 2019, defendant CONGRUITY entered into a contract and/or agreement (written or oral) with defendant FAST FLEET – JFK for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

255.   On and/or before March 29, 2019, defendant CONGRUITY entered into a contract and/or agreement (written or oral) with defendant WARREN BAINBRIDGE for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

256.   On and/or before March 29, 2019, defendant CONGRUITY entered into a contract and/or agreement (written or oral) with defendant NICA, INC. for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

257.   On and/or before March 29, 2019, defendant CONGRUITY entered into a contract and/or agreement (written or oral) with defendant 3PL INTEGRATION LLC for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

258.   On and/or before March 29, 2019, defendant CONGRUITY entered into a contract and/or agreement (written or oral) with plaintiff's employer for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

259.   On and/or before March 29, 2019, defendant CONGRUITY directed, managed, and/or controlled the provision and performance of certain work, labor, and/or services located at 299 Park Avenue, in the City, County, and State of New York.

260.    On or before March 29, 2019, defendant CONGRUITY hired individuals and/or entities to provide and perform certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

261.    On or before March 29, 2019, defendant CONGRUITY entered into an agreement and/or contract (written or oral) for it to provide certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

262.    On March 29, 2019, defendant CONGRUITY was the manager for work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

263.    On March 29, 2019, defendant CONGRUITY was the general contractor for certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

264.    On March 29, 2019, defendant CONGRUITY, its agents, servants, and/or employees performed certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

265.    On March 29, 2019, defendant CONGRUITY, its agents, servants, and/or employees supervised certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

266.    On March 29, 2019, defendant CONGRUITY, its agents, servants, and/or employees directed certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

267.    On March 29, 2019, defendant CONGRUITY, its agents, servants, and/or employees inspected certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

268.    On March 29, 2019, defendant CONGRUITY, its agents, servants, and/or employees regulated certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

269.    On March 29, 2019, defendant CONGRUITY, its agents, servants, and/or employees controlled certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

270.    On March 29, 2019, defendant CONGRUITY, its agents, servants, and/or employees managed certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

271.    On March 29, 2019, defendant CONGRUITY, its agents, servants, and/or employees maintained certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

272.    On March 29, 2019, defendant CONGRUITY, its agents, servants, and/or employees provided certain supplies for certain work, labor, and/or services at the premises known as 299 Park Avenue, In the City, County, and State of New York.

273.    On March 29, 2019, defendant CONGRUITY, its agents, servants, and/or employees provided certain tools for certain work, labor, and/or services at the premises known as 299 Park Avenue, In the City, County, and State of New York.

274.    On March 29, 2019, it was the duty of defendant CONGRUITY to provide a reasonably safe place to work for people performing alteration and other covered work at the site.

275.    On March 29, 2019, defendant CONGRUITY 360 was the owner of certain premises located at 299 Park Avenue, in the City, County, and State of New York.

276.    On March 29, 2019, defendant CONGRUITY 360 was the lessor of certain premises located at 299 Park Avenue, in the City, County, and State of New York.

277.    On March 29, 2019, defendant CONGRUITY 360 was a lessee of certain premises located at 299 Park Avenue, in the City, County, and State of New York.

278.    On March 29, 2019, defendant CONGRUITY 360 maintained certain premises located at 299 Park Avenue, in the City, County, and State of New York.

279.    On March 29, 2019, defendant CONGRUITY 360 managed certain premises located at 299 Park Avenue, in the City, County, and State of New York.

280.    On March 29, 2019, defendant CONGRUITY 360 controlled certain premises located at 299 Park Avenue, in the City, County, and State of New York.

281.    On March 29, 2019, defendant CONGRUITY 360 supervised certain premises located at 299 Park Avenue, in the City, County, and State of New York.

282.    On March 29, 2019, defendant CONGRUITY 360 inspected certain premises located at 299 Park Avenue, in the City, County, and State of New York.

283.    On or before March 29, 2019, defendant CONGRUITY 360 designed certain premises located at 299 Park Avenue, in the City, County, and State of New York.

284.    On March 29, 2019, defendant CONGRUITY 360 operated certain premises located at 299 Park Avenue, in the City, County, and State of New York.

285.    On March 29, 2019, it was the duty of defendant CONGRUITY 360, by its agents, servants, and/or employees, to keep the premises located at 299 Park Avenue, in the City, County, and State of New York in a reasonably safe condition.

286.    On and/or before March 29, 2019, defendant CONGRUITY 360 entered into a contract and/or agreement (written or oral) with defendant FISHER-PARK LANE OWNER LLC for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

287.    On and/or before March 29, 2019, defendant CONGRUITY 360 entered into a contract and/or agreement (written or oral) with defendant FISHER BROTHERS MANAGEMENT CO. LLC for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

288.    On and/or before March 29, 2019, defendant CONGRUITY 360 entered into a contract and/or agreement (written or oral) with defendant MARKETAXESS CORPORATION for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

289.    On and/or before March 29, 2019, defendant CONGRUITY 360 entered into a contract and/or agreement (written or oral) with defendant MARKETAXESS

HOLDINGS INC. for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

290.    On and/or before March 29, 2019, defendant CONGRUITY 360 entered into a contract and/or agreement (written or oral) with defendant CONGRUITY for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

291.    On and/or before March 29, 2019, defendant CONGRUITY 360 entered into a contract and/or agreement (written or oral) with defendant MSDI LLC for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

292.    On and/or before March 29, 2019, defendant CONGRUITY 360 entered into a contract and/or agreement (written or oral) with defendant FAST FLEET JFK for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

293.    On and/or before March 29, 2019, defendant CONGRUITY 360 entered into a contract and/or agreement (written or oral) with defendant FAST FLEET SYSTEMS, INC. for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

294.   On and/or before March 29, 2019, defendant CONGRUITY 360 entered into a contract and/or agreement (written or oral) with defendant SMOOTH OPERATORS SERVICES LLC for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

295.   On and/or before March 29, 2019, defendant CONGRUITY 360 entered into a contract and/or agreement (written or oral) with defendant FAST FLEET – JFK for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

296.   On and/or before March 29, 2019, defendant CONGRUITY 360 entered into a contract and/or agreement (written or oral) with defendant WARREN BAINBRIDGE for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

297.   On and/or before March 29, 2019, defendant CONGRUITY 360 entered into a contract and/or agreement (written or oral) with defendant NICA, INC. for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

298.   On and/or before March 29, 2019, defendant CONGRUITY 360 entered into a contract and/or agreement (written or oral) with defendant 3PL INTEGRATION

LLC for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

299.    On and/or before March 29, 2019, defendant CONGRUITY 360 entered into a contract and/or agreement (written or oral) with plaintiff's employer for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

300.    On and/or before March 29, 2019, defendant CONGRUITY 360 directed, managed, and/or controlled the provision and performance of certain work, labor, and/or services located at 299 Park Avenue, in the City, County, and State of New York.

301.    On or before March 29, 2019, defendant CONGRUITY 360 hired individuals and/or entities to provide and perform certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

302.    On or before March 29, 2019, defendant CONGRUITY 360 entered into an agreement and/or contract (written or oral) for it to provide certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

303.    On March 29, 2019, defendant CONGRUITY 360 was the manager for work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

304.    On March 29, 2019, defendant CONGRUITY 360 was the general contractor for certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

305.    On March 29, 2019, defendant CONGRUITY 360, its agents, servants, and/or employees performed certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

306.    On March 29, 2019, defendant CONGRUITY 360, its agents, servants, and/or employees supervised certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

307.    On March 29, 2019, defendant CONGRUITY 360, its agents, servants, and/or employees directed certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

308.    On March 29, 2019, defendant CONGRUITY 360, its agents, servants, and/or employees inspected certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

309.    On March 29, 2019, defendant CONGRUITY 360, its agents, servants, and/or employees regulated certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

310.    On March 29, 2019, defendant CONGRUITY 360, its agents, servants, and/or employees controlled certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

311.   On March 29, 2019, defendant CONGRUITY 360, its agents, servants, and/or employees managed certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

312.   On March 29, 2019, defendant CONGRUITY 360, its agents, servants, and/or employees maintained certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

313.   On March 29, 2019, defendant CONGRUITY 360, its agents, servants, and/or employees provided certain supplies for certain work, labor, and/or services at the premises known as 299 Park Avenue, In the City, County, and State of New York.

314.   On March 29, 2019, defendant CONGRUITY 360, its agents, servants, and/or employees provided certain tools for certain work, labor, and/or services at the premises known as 299 Park Avenue, In the City, County, and State of New York.

315.   On March 29, 2019, it was the duty of defendant CONGRUITY 360 to provide a reasonably safe place to work for people performing alteration and other covered work at the site.

316.   On March 29, 2019, defendant MSDI LLC was the owner of certain premises located at 299 Park Avenue, in the City, County, and State of New York.

317.   On March 29, 2019, defendant MSDI LLC was the lessor of certain premises located at 299 Park Avenue, in the City, County, and State of New York.

318.   On March 29, 2019, defendant MSDI LLC was a lessee of certain premises located at 299 Park Avenue, in the City, County, and State of New York.

319.   On March 29, 2019, defendant MSDI LLC maintained certain premises located at 299 Park Avenue, in the City, County, and State of New York.

320.    On March 29, 2019, defendant MSDI LLC managed certain premises located at 299 Park Avenue, in the City, County, and State of New York.

321.    On March 29, 2019, defendant MSDI LLC controlled certain premises located at 299 Park Avenue, in the City, County, and State of New York.

322.    On March 29, 2019, defendant MSDI LLC supervised certain premises located at 299 Park Avenue, in the City, County, and State of New York.

323.    On March 29, 2019, defendant MSDI LLC inspected certain premises located at 299 Park Avenue, in the City, County, and State of New York.

324.    On or before March 29, 2019, defendant MSDI LLC designed certain premises located at 299 Park Avenue, in the City, County, and State of New York.

325.    On March 29, 2019, defendant MSDI LLC operated certain premises located at 299 Park Avenue, in the City, County, and State of New York.

326.    On March 29, 2019, it was the duty of defendant MSDI LLC, by its agents, servants, and/or employees, to keep the premises located at 299 Park Avenue, in the City, County, and State of New York in a reasonably safe condition.

327.    On and/or before March 29, 2019, defendant MSDI LLC entered into a contract and/or agreement (written or oral) with defendant FISHER-PARK LANE OWNER LLC for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

328.    On and/or before March 29, 2019, defendant MSDI LLC entered into a contract and/or agreement (written or oral) with defendant FISHER BROTHERS MANAGEMENT CO. LLC for the provision and performance of certain work, labor,

and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

329. On and/or before March 29, 2019, defendant MSDI LLC entered into a contract and/or agreement (written or oral) with defendant MARKETAXESS CORPORATION for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

330. On and/or before March 29, 2019, defendant MSDI LLC entered into a contract and/or agreement (written or oral) with defendant MARKETAXESS HOLDINGS INC. for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

331. On and/or before March 29, 2019, defendant MSDI LLC entered into a contract and/or agreement (written or oral) with defendant CONGRUITY for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

332. On and/or before March 29, 2019, defendant MSDI LLC entered into a contract and/or agreement (written or oral) with defendant CONGRUITY 360 for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

333.    On and/or before March 29, 2019, defendant MSDI LLC entered into a contract and/or agreement (written or oral) with defendant FAST FLEET JFK for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

334.    On and/or before March 29, 2019, defendant MSDI LLC entered into a contract and/or agreement (written or oral) with defendant FAST FLEET SYSTEMS, INC. for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

335.    On and/or before March 29, 2019, defendant MSDI LLC entered into a contract and/or agreement (written or oral) with defendant SMOOTH OPERATORS SERVICES LLC for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

336.    On and/or before March 29, 2019, defendant MSDI LLC entered into a contract and/or agreement (written or oral) with defendant FAST FLEET – JFK for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

337.    On and/or before March 29, 2019, defendant MSDI LLC entered into a contract and/or agreement (written or oral) with defendant WARREN BAINBRIDGE for the provision and performance of certain work, labor, and/or services, including but not

necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

338.   On and/or before March 29, 2019, defendant MSDI LLC entered into a contract and/or agreement (written or oral) with defendant NICA, INC. for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

339.   On and/or before March 29, 2019, defendant MSDI LLC entered into a contract and/or agreement (written or oral) with defendant 3PL INTEGRATION LLC for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

340.   On and/or before March 29, 2019, defendant MSDI LLC entered into a contract and/or agreement (written or oral) with plaintiff's employer for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

341.   On and/or before March 29, 2019, defendant MSDI LLC directed, managed, and/or controlled the provision and performance of certain work, labor, and/or services located at 299 Park Avenue, in the City, County, and State of New York.

342.   On or before March 29, 2019, defendant MSDI LLC hired individuals and/or entities to provide and perform certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

343.   On or before March 29, 2019, defendant MSDI LLC entered into an agreement and/or contract (written or oral) for it to provide certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

344.   On March 29, 2019, defendant MSDI LLC was the manager for work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

345.   On March 29, 2019, defendant MSDI LLC was the general contractor for certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

346.   On March 29, 2019, defendant MSDI LLC, its agents, servants, and/or employees performed certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

347.   On March 29, 2019, defendant MSDI LLC, its agents, servants, and/or employees supervised certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

348.   On March 29, 2019, defendant MSDI LLC, its agents, servants, and/or employees directed certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

349.   On March 29, 2019, defendant MSDI LLC, its agents, servants, and/or employees inspected certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

350.    On March 29, 2019, defendant MSDI LLC, its agents, servants, and/or employees regulated certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

351.    On March 29, 2019, defendant MSDI LLC, its agents, servants, and/or employees controlled certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

352.    On March 29, 2019, defendant MSDI LLC, its agents, servants, and/or employees managed certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

353.    On March 29, 2019, defendant MSDI LLC, its agents, servants, and/or employees maintained certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

354.    On March 29, 2019, defendant MSDI LLC, its agents, servants, and/or employees provided certain supplies for certain work, labor, and/or services at the premises known as 299 Park Avenue, In the City, County, and State of New York.

355.    On March 29, 2019, defendant MSDI LLC, its agents, servants, and/or employees provided certain tools for certain work, labor, and/or services at the premises known as 299 Park Avenue, In the City, County, and State of New York.

356.    On March 29, 2019, it was the duty of defendant MSDI LLC to provide a reasonably safe place to work for people performing alteration and other covered work at the site.

357.    On March 29, 2019, defendant FAST FLEET JFK was the owner of certain premises located at 299 Park Avenue, in the City, County, and State of New York.

358.    On March 29, 2019, defendant FAST FLEET JFK was the lessor of certain premises located at 299 Park Avenue, in the City, County, and State of New York.

359.    On March 29, 2019, defendant FAST FLEET JFK was a lessee of certain premises located at 299 Park Avenue, in the City, County, and State of New York.

360.    On March 29, 2019, defendant FAST FLEET JFK maintained certain premises located at 299 Park Avenue, in the City, County, and State of New York.

361.    On March 29, 2019, defendant FAST FLEET JFK managed certain premises located at 299 Park Avenue, in the City, County, and State of New York.

362.    On March 29, 2019, defendant FAST FLEET JFK controlled certain premises located at 299 Park Avenue, in the City, County, and State of New York.

363.    On March 29, 2019, defendant FAST FLEET JFK supervised certain premises located at 299 Park Avenue, in the City, County, and State of New York.

364.    On March 29, 2019, defendant FAST FLEET JFK inspected certain premises located at 299 Park Avenue, in the City, County, and State of New York.

365.    On or before March 29, 2019, defendant FAST FLEET JFK designed certain premises located at 299 Park Avenue, in the City, County, and State of New York.

366.    On March 29, 2019, defendant FAST FLEET JFK operated certain premises located at 299 Park Avenue, in the City, County, and State of New York.

367.    On March 29, 2019, it was the duty of defendant FAST FLEET JFK, by its agents, servants, and/or employees, to keep the premises located at 299 Park Avenue, in the City, County, and State of New York in a reasonably safe condition.

368.   On and/or before March 29, 2019, defendant FAST FLEET JFK entered into a contract and/or agreement (written or oral) with defendant FISHER-PARK LANE OWNER LLC for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

369.   On and/or before March 29, 2019, defendant FAST FLEET JFK entered into a contract and/or agreement (written or oral) with defendant FISHER BROTHERS MANAGEMENT CO. LLC for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

370.   On and/or before March 29, 2019, defendant FAST FLEET JFK entered into a contract and/or agreement (written or oral) with defendant MARKETAXESS CORPORATION for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

371.   On and/or before March 29, 2019, defendant FAST FLEET JFK entered into a contract and/or agreement (written or oral) with defendant MARKETAXESS HOLDINGS INC. for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

372.   On and/or before March 29, 2019, defendant FAST FLEET JFK entered into a contract and/or agreement (written or oral) with defendant CONGRUITY for the

provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

373.    On and/or before March 29, 2019, defendant FAST FLEET JFK entered into a contract and/or agreement (written or oral) with defendant CONGRUITY 360 for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

374.    On and/or before March 29, 2019, defendant FAST FLEET JFK entered into a contract and/or agreement (written or oral) with defendant MSDI LLC for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

375.    On and/or before March 29, 2019, defendant FAST FLEET JFK entered into a contract and/or agreement (written or oral) with defendant FAST FLEET SYSTEMS, INC. for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

376.    On and/or before March 29, 2019, defendant FAST FLEET JFK entered into a contract and/or agreement (written or oral) with defendant SMOOTH OPERATORS SERVICES LLC for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain

electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

377.   On and/or before March 29, 2019, defendant FAST FLEET JFK entered into a contract and/or agreement (written or oral) with defendant FAST FLEET – JFK for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

378.   On and/or before March 29, 2019, defendant FAST FLEET JFK entered into a contract and/or agreement (written or oral) with defendant WARREN BAINBRIDGE for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

379.   On and/or before March 29, 2019, defendant FAST FLEET JFK entered into a contract and/or agreement (written or oral) with defendant NICA, INC. for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

380.   On and/or before March 29, 2019, defendant FAST FLEET JFK entered into a contract and/or agreement (written or oral) with defendant 3PL INTEGRATION LLC for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

381.   On and/or before March 29, 2019, defendant FAST FLEET JFK entered into a contract and/or agreement (written or oral) with plaintiff's employer for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

382.   On and/or before March 29, 2019, defendant FAST FLEET JFK directed, managed, and/or controlled the provision and performance of certain work, labor, and/or services located at 299 Park Avenue, in the City, County, and State of New York.

383.   On or before March 29, 2019, defendant FAST FLEET JFK hired individuals and/or entities to provide and perform certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

384.   On or before March 29, 2019, defendant FAST FLEET JFK entered into an agreement and/or contract (written or oral) for it to provide certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

385.   On March 29, 2019, defendant FAST FLEET JFK was the manager for work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

386.   On March 29, 2019, defendant FAST FLEET JFK was the general contractor for certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

387.    On March 29, 2019, defendant FAST FLEET JFK, its agents, servants, and/or employees performed certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

388.    On March 29, 2019, defendant FAST FLEET JFK, its agents, servants, and/or employees supervised certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

389.    On March 29, 2019, defendant FAST FLEET JFK, its agents, servants, and/or employees directed certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

390.    On March 29, 2019, defendant FAST FLEET JFK, its agents, servants, and/or employees inspected certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

391.    On March 29, 2019, defendant FAST FLEET JFK, its agents, servants, and/or employees regulated certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

392.    On March 29, 2019, defendant FAST FLEET JFK, its agents, servants, and/or employees controlled certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

393.    On March 29, 2019, defendant FAST FLEET JFK, its agents, servants, and/or employees managed certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

394.    On March 29, 2019, defendant FAST FLEET JFK, its agents, servants, and/or employees maintained certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

395.    On March 29, 2019, defendant FAST FLEET JFK, its agents, servants, and/or employees provided certain supplies for certain work, labor, and/or services at the premises known as 299 Park Avenue, In the City, County, and State of New York.

396.    On March 29, 2019, defendant FAST FLEET JFK, its agents, servants, and/or employees provided certain tools for certain work, labor, and/or services at the premises known as 299 Park Avenue, In the City, County, and State of New York.

397.    On March 29, 2019, it was the duty of defendant FAST FLEET JFK to provide a reasonably safe place to work for people performing alteration and other covered work at the site.

398.    On March 29, 2019, defendant SMOOTH OPERATORS SERVICES LLC was the owner of certain premises located at 299 Park Avenue, in the City, County, and State of New York.

399.    On March 29, 2019, defendant SMOOTH OPERATORS SERVICES LLC was the lessor of certain premises located at 299 Park Avenue, in the City, County, and State of New York.

400.    On March 29, 2019, defendant SMOOTH OPERATORS SERVICES LLC was a lessee of certain premises located at 299 Park Avenue, in the City, County, and State of New York.

401.    On March 29, 2019, defendant SMOOTH OPERATORS SERVICES LLC maintained certain premises located at 299 Park Avenue, in the City, County, and State of New York.

402.    On March 29, 2019, defendant SMOOTH OPERATORS SERVICES LLC managed certain premises located at 299 Park Avenue, in the City, County, and State of New York.

403.    On March 29, 2019, defendant SMOOTH OPERATORS SERVICES LLC controlled certain premises located at 299 Park Avenue, in the City, County, and State of New York.

404.    On March 29, 2019, defendant SMOOTH OPERATORS SERVICES LLC supervised certain premises located at 299 Park Avenue, in the City, County, and State of New York.

405.    On March 29, 2019, defendant SMOOTH OPERATORS SERVICES LLC inspected certain premises located at 299 Park Avenue, in the City, County, and State of New York.

406.    On or before March 29, 2019, defendant SMOOTH OPERATORS SERVICES LLC designed certain premises located at 299 Park Avenue, in the City, County, and State of New York.

407.    On March 29, 2019, defendant SMOOTH OPERATORS SERVICES LLC operated certain premises located at 299 Park Avenue, in the City, County, and State of New York.

408.    On March 29, 2019, it was the duty of defendant SMOOTH OPERATORS SERVICES LLC, by its agents, servants, and/or employees, to keep the premises

located at 299 Park Avenue, in the City, County, and State of New York in a reasonably safe condition.

409.    On and/or before March 29, 2019, defendant SMOOTH OPERATORS SERVICES LLC entered into a contract and/or agreement (written or oral) with defendant FISHER-PARK LANE OWNER LLC for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

410.    On and/or before March 29, 2019, defendant SMOOTH OPERATORS SERVICES LLC entered into a contract and/or agreement (written or oral) with defendant FISHER BROTHERS MANAGEMENT CO. LLC for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

411.    On and/or before March 29, 2019, defendant SMOOTH OPERATORS SERVICES LLC entered into a contract and/or agreement (written or oral) with defendant MARKETAXESS CORPORATION for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

412.    On and/or before March 29, 2019, defendant SMOOTH OPERATORS SERVICES LLC entered into a contract and/or agreement (written or oral) with defendant MARKETAXESS HOLDINGS INC. for the provision and performance of

certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

413.    On and/or before March 29, 2019, defendant SMOOTH OPERATORS SERVICES LLC entered into a contract and/or agreement (written or oral) with defendant CONGRUITY for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

414.    On and/or before March 29, 2019, defendant SMOOTH OPERATORS SERVICES LLC entered into a contract and/or agreement (written or oral) with defendant CONGRUITY 360 for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

415.    On and/or before March 29, 2019, defendant SMOOTH OPERATORS SERVICES LLC entered into a contract and/or agreement (written or oral) with defendant MSDI LLC for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

416.    On and/or before March 29, 2019, defendant SMOOTH OPERATORS SERVICES LLC entered into a contract and/or agreement (written or oral) with defendant FAST FLEET SYSTEMS, INC. for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of

certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

417.   On and/or before March 29, 2019, defendant SMOOTH OPERATORS SERVICES LLC entered into a contract and/or agreement (written or oral) with defendant FAST FLEET JFK for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

418.   On and/or before March 29, 2019, defendant SMOOTH OPERATORS SERVICES LLC entered into a contract and/or agreement (written or oral) with defendant FAST FLEET – JFK for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

419.   On and/or before March 29, 2019, defendant SMOOTH OPERATORS SERVICES LLC entered into a contract and/or agreement (written or oral) with defendant WARREN BAINBRIDGE for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

420.   On and/or before March 29, 2019, defendant SMOOTH OPERATORS SERVICES LLC entered into a contract and/or agreement (written or oral) with defendant NICA, INC. for the provision and performance of certain work, labor, and/or

services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

421.    On and/or before March 29, 2019, defendant SMOOTH OPERATORS SERVICES LLC entered into a contract and/or agreement (written or oral) with defendant 3PL INTEGRATION LLC for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

422.    On and/or before March 29, 2019, defendant SMOOTH OPERATORS SERVICES LLC entered into a contract and/or agreement (written or oral) with plaintiff's employer for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

423.    On and/or before March 29, 2019, defendant SMOOTH OPERATORS SERVICES LLC directed, managed, and/or controlled the provision and performance of certain work, labor, and/or services located at 299 Park Avenue, in the City, County, and State of New York.

424.    On or before March 29, 2019, defendant SMOOTH OPERATORS SERVICES LLC hired individuals and/or entities to provide and perform certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

425.    On or before March 29, 2019, defendant SMOOTH OPERATORS SERVICES LLC entered into an agreement and/or contract (written or oral) for it to

provide certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

426.     On March 29, 2019, defendant SMOOTH OPERATORS SERVICES LLC was the manager for work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

427.     On March 29, 2019, defendant SMOOTH OPERATORS SERVICES LLC was the general contractor for certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

428.     On March 29, 2019, defendant SMOOTH OPERATORS SERVICES LLC, its agents, servants, and/or employees performed certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

429.     On March 29, 2019, defendant SMOOTH OPERATORS SERVICES LLC, its agents, servants, and/or employees supervised certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

430.     On March 29, 2019, defendant SMOOTH OPERATORS SERVICES LLC, its agents, servants, and/or employees directed certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

431.     On March 29, 2019, defendant SMOOTH OPERATORS SERVICES LLC, its agents, servants, and/or employees inspected certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

432.     On March 29, 2019, defendant SMOOTH OPERATORS SERVICES LLC, its agents, servants, and/or employees regulated certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

433.    On March 29, 2019, defendant SMOOTH OPERATORS SERVICES LLC, its agents, servants, and/or employees controlled certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

434.    On March 29, 2019, defendant SMOOTH OPERATORS SERVICES LLC, its agents, servants, and/or employees managed certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

435.    On March 29, 2019, defendant SMOOTH OPERATORS SERVICES LLC, its agents, servants, and/or employees maintained certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

436.    On March 29, 2019, defendant SMOOTH OPERATORS SERVICES LLC, its agents, servants, and/or employees provided certain supplies for certain work, labor, and/or services at the premises known as 299 Park Avenue, In the City, County, and State of New York.

437.    On March 29, 2019, defendant SMOOTH OPERATORS SERVICES LLC, its agents, servants, and/or employees provided certain tools for certain work, labor, and/or services at the premises known as 299 Park Avenue, In the City, County, and State of New York.

438.    On March 29, 2019, it was the duty of defendant SMOOTH OPERATORS SERVICES LLC to provide a reasonably safe place to work for people performing alteration and other covered work at the site.

439.    On March 29, 2019, defendant WARREN BAINBRIDGE was the owner of certain premises located at 299 Park Avenue, in the City, County, and State of New York.

440.    On March 29, 2019, defendant WARREN BAINBRIDGE was the lessor of certain premises located at 299 Park Avenue, in the City, County, and State of New York.

441.    On March 29, 2019, defendant WARREN BAINBRIDGE was a lessee of certain premises located at 299 Park Avenue, in the City, County, and State of New York.

442.    On March 29, 2019, defendant WARREN BAINBRIDGE maintained certain premises located at 299 Park Avenue, in the City, County, and State of New York.

443.    On March 29, 2019, defendant WARREN BAINBRIDGE managed certain premises located at 299 Park Avenue, in the City, County, and State of New York.

444.    On March 29, 2019, defendant WARREN BAINBRIDGE controlled certain premises located at 299 Park Avenue, in the City, County, and State of New York.

445.    On March 29, 2019, defendant WARREN BAINBRIDGE supervised certain premises located at 299 Park Avenue, in the City, County, and State of New York.

446.    On March 29, 2019, defendant WARREN BAINBRIDGE inspected certain premises located at 299 Park Avenue, in the City, County, and State of New York.

447.    On or before March 29, 2019, defendant WARREN BAINBRIDGE designed certain premises located at 299 Park Avenue, in the City, County, and State of New York.

448.    On March 29, 2019, defendant WARREN BAINBRIDGE operated certain premises located at 299 Park Avenue, in the City, County, and State of New York.

449.    On March 29, 2019, it was the duty of defendant WARREN BAINBRIDGE, by its agents, servants, and/or employees, to keep the premises located at 299 Park Avenue, in the City, County, and State of New York in a reasonably safe condition.

450.    On and/or before March 29, 2019, defendant WARREN BAINBRIDGE entered into a contract and/or agreement (written or oral) with defendant FISHER-PARK LANE OWNER LLC for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

451.    On and/or before March 29, 2019, defendant WARREN BAINBRIDGE entered into a contract and/or agreement (written or oral) with defendant FISHER BROTHERS MANAGEMENT CO. LLC for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

452.    On and/or before March 29, 2019, defendant WARREN BAINBRIDGE entered into a contract and/or agreement (written or oral) with defendant MARKETAXESS CORPORATION for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

453.    On and/or before March 29, 2019, defendant WARREN BAINBRIDGE entered into a contract and/or agreement (written or oral) with defendant MARKETAXESS HOLDINGS INC. for the provision and performance of certain work,

labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

454.    On and/or before March 29, 2019, defendant WARREN BAINBRIDGE entered into a contract and/or agreement (written or oral) with defendant CONGRUITY for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

455.    On and/or before March 29, 2019, defendant WARREN BAINBRIDGE entered into a contract and/or agreement (written or oral) with defendant CONGRUITY 360 for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

456.    On and/or before March 29, 2019, defendant WARREN BAINBRIDGE entered into a contract and/or agreement (written or oral) with defendant MSDI LLC for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

457.    On and/or before March 29, 2019, defendant WARREN BAINBRIDGE entered into a contract and/or agreement (written or oral) with defendant FAST FLEET SYSTEMS, INC. for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

458.    On and/or before March 29, 2019, defendant WARREN BAINBRIDGE entered into a contract and/or agreement (written or oral) with defendant FAST FLEET JFK for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

459.    On and/or before March 29, 2019, defendant WARREN BAINBRIDGE entered into a contract and/or agreement (written or oral) with defendant FAST FLEET – JFK for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

460.    On and/or before March 29, 2019, defendant WARREN BAINBRIDGE entered into a contract and/or agreement (written or oral) with defendant SMOOTH OPERATORS SERVICES LLC for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

461.    On and/or before March 29, 2019, defendant WARREN BAINBRIDGE entered into a contract and/or agreement (written or oral) with defendant NICA, INC. for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

462.    On and/or before March 29, 2019, defendant WARREN BAINBRIDGE entered into a contract and/or agreement (written or oral) with defendant 3PL

INTEGRATION LLC for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

463.    On and/or before March 29, 2019, defendant WARREN BAINBRIDGE entered into a contract and/or agreement (written or oral) with plaintiff's employer for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

464.    On and/or before March 29, 2019, defendant WARREN BAINBRIDGE directed, managed, and/or controlled the provision and performance of certain work, labor, and/or services located at 299 Park Avenue, in the City, County, and State of New York.

465.    On or before March 29, 2019, defendant WARREN BAINBRIDGE hired individuals and/or entities to provide and perform certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

466.    On or before March 29, 2019, defendant WARREN BAINBRIDGE entered into an agreement and/or contract (written or oral) for it to provide certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

467.    On March 29, 2019, defendant WARREN BAINBRIDGE was the manager for work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

468.    On March 29, 2019, defendant WARREN BAINBRIDGE was the general contractor for certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

469.    On March 29, 2019, defendant WARREN BAINBRIDGE performed certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

470.    On March 29, 2019, defendant WARREN BAINBRIDGE supervised certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

471.    On March 29, 2019, defendant WARREN BAINBRIDGE directed certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

472.    On March 29, 2019, defendant WARREN BAINBRIDGE inspected certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

473.    On March 29, 2019, defendant WARREN BAINBRIDGE regulated certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

474.    On March 29, 2019, defendant WARREN BAINBRIDGE controlled certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

475.    On March 29, 2019, defendant WARREN BAINBRIDGE managed certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

476.    On March 29, 2019, defendant WARREN BAINBRIDGE maintained certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

477.    On March 29, 2019, defendant WARREN BAINBRIDGE provided certain supplies for certain work, labor, and/or services at the premises known as 299 Park Avenue, In the City, County, and State of New York.

478.    On March 29, 2019, defendant WARREN BAINBRIDGE provided certain tools for certain work, labor, and/or services at the premises known as 299 Park Avenue, In the City, County, and State of New York.

479.    On March 29, 2019, it was the duty of defendant WARREN BAINBRIDGE to provide a reasonably safe place to work for people performing alteration and other covered work at the site.

480.    On March 29, 2019, defendant NICA, INC. was the owner of certain premises located at 299 Park Avenue, in the City, County, and State of New York.

481.    On March 29, 2019, defendant NICA, INC. was the lessor of certain premises located at 299 Park Avenue, in the City, County, and State of New York.

482.    On March 29, 2019, defendant NICA, INC. was a lessee of certain premises located at 299 Park Avenue, in the City, County, and State of New York.

483.    On March 29, 2019, defendant NICA, INC. maintained certain premises located at 299 Park Avenue, in the City, County, and State of New York.

484.   On March 29, 2019, defendant NICA, INC. managed certain premises located at 299 Park Avenue, in the City, County, and State of New York.

485.   On March 29, 2019, defendant NICA, INC. controlled certain premises located at 299 Park Avenue, in the City, County, and State of New York.

486.   On March 29, 2019, defendant NICA, INC. supervised certain premises located at 299 Park Avenue, in the City, County, and State of New York.

487.   On March 29, 2019, defendant NICA, INC. inspected certain premises located at 299 Park Avenue, in the City, County, and State of New York.

488.   On or before March 29, 2019, defendant NICA, INC. designed certain premises located at 299 Park Avenue, in the City, County, and State of New York.

489.   On March 29, 2019, defendant NICA, INC. operated certain premises located at 299 Park Avenue, in the City, County, and State of New York.

490.   On March 29, 2019, it was the duty of defendant NICA, INC., by its agents, servants, and/or employees, to keep the premises located at 299 Park Avenue, in the City, County, and State of New York in a reasonably safe condition.

491.   On and/or before March 29, 2019, defendant NICA, INC. entered into a contract and/or agreement (written or oral) with defendant FISHER-PARK LANE OWNER LLC for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

492.   On and/or before March 29, 2019, defendant NICA, INC. entered into a contract and/or agreement (written or oral) with defendant FISHER BROTHERS MANAGEMENT CO. LLC for the provision and performance of certain work, labor,

and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

493.    On and/or before March 29, 2019, defendant NICA, INC. entered into a contract and/or agreement (written or oral) with defendant MARKETAXESS CORPORATION for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

494.    On and/or before March 29, 2019, defendant NICA, INC. entered into a contract and/or agreement (written or oral) with defendant MARKETAXESS HOLDINGS INC. for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

495.    On and/or before March 29, 2019, defendant NICA, INC. entered into a contract and/or agreement (written or oral) with defendant CONGRUITY for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

496.    On and/or before March 29, 2019, defendant NICA, INC. entered into a contract and/or agreement (written or oral) with defendant CONGRUITY 360 for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

497.   On and/or before March 29, 2019, defendant NICA, INC. entered into a contract and/or agreement (written or oral) with defendant MSDI LLC for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

498.   On and/or before March 29, 2019, defendant NICA, INC. entered into a contract and/or agreement (written or oral) with defendant FAST FLEET SYSTEMS, INC. for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

499.   On and/or before March 29, 2019, defendant NICA, INC. entered into a contract and/or agreement (written or oral) with defendant FAST FLEET JFK for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

500.   On and/or before March 29, 2019, defendant NICA, INC. entered into a contract and/or agreement (written or oral) with defendant FAST FLEET – JFK for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

501.   On and/or before March 29, 2019, defendant NICA, INC. entered into a contract and/or agreement (written or oral) with defendant SMOOTH OPERATORS SERVICES LLC for the provision and performance of certain work, labor, and/or

services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

502.    On and/or before March 29, 2019, defendant NICA, INC. entered into a contract and/or agreement (written or oral) with defendant WARREN BAINBRIDGE for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

503.    On and/or before March 29, 2019, defendant NICA, INC. entered into a contract and/or agreement (written or oral) with defendant 3PL INTEGRATION LLC for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

504.    On and/or before March 29, 2019, defendant NICA, INC. entered into a contract and/or agreement (written or oral) with plaintiff's employer for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

505.    On and/or before March 29, 2019, defendant NICA, INC. directed, managed, and/or controlled the provision and performance of certain work, labor, and/or services located at 299 Park Avenue, in the City, County, and State of New York.

506.    On or before March 29, 2019, defendant NICA, INC. hired individuals and/or entities to provide and perform certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

507.    On or before March 29, 2019, defendant NICA, INC. entered into an agreement and/or contract (written or oral) for it to provide certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

508.    On March 29, 2019, defendant NICA, INC. was the manager for work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

509.    On March 29, 2019, defendant NICA, INC. was the general contractor for certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

510.    On March 29, 2019, defendant NICA, INC., its agents, servants, and/or employees performed certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

511.    On March 29, 2019, defendant NICA, INC., its agents, servants, and/or employees supervised certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

512.    On March 29, 2019, defendant NICA, INC., its agents, servants, and/or employees directed certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

513.    On March 29, 2019, defendant NICA, INC., its agents, servants, and/or employees inspected certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

514.   On March 29, 2019, defendant NICA, INC., its agents, servants, and/or employees regulated certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

515.   On March 29, 2019, defendant NICA, INC., its agents, servants, and/or employees controlled certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

516.   On March 29, 2019, defendant NICA, INC., its agents, servants, and/or employees managed certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

517.   On March 29, 2019, defendant NICA, INC., its agents, servants, and/or employees maintained certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

518.   On March 29, 2019, defendant NICA, INC., its agents, servants, and/or employees provided certain supplies for certain work, labor, and/or services at the premises known as 299 Park Avenue, In the City, County, and State of New York.

519.   On March 29, 2019, defendant NICA, INC., its agents, servants, and/or employees provided certain tools for certain work, labor, and/or services at the premises known as 299 Park Avenue, In the City, County, and State of New York.

520.   On March 29, 2019, it was the duty of defendant NICA, INC. to provide a reasonably safe place to work for people performing alteration and other covered work at the site.

521.    On March 29, 2019, defendant 3PL INTEGRATION LLC was the owner of certain premises located at 299 Park Avenue, in the City, County, and State of New York.

522.    On March 29, 2019, defendant 3PL INTEGRATION LLC was the lessor of certain premises located at 299 Park Avenue, in the City, County, and State of New York.

523.    On March 29, 2019, defendant 3PL INTEGRATION LLC was a lessee of certain premises located at 299 Park Avenue, in the City, County, and State of New York.

524.    On March 29, 2019, defendant 3PL INTEGRATION LLC maintained certain premises located at 299 Park Avenue, in the City, County, and State of New York.

525.    On March 29, 2019, defendant 3PL INTEGRATION LLC managed certain premises located at 299 Park Avenue, in the City, County, and State of New York.

526.    On March 29, 2019, defendant 3PL INTEGRATION LLC controlled certain premises located at 299 Park Avenue, in the City, County, and State of New York.

527.    On March 29, 2019, defendant 3PL INTEGRATION LLC supervised certain premises located at 299 Park Avenue, in the City, County, and State of New York.

528.    On March 29, 2019, defendant 3PL INTEGRATION LLC inspected certain premises located at 299 Park Avenue, in the City, County, and State of New York.

529.    On or before March 29, 2019, defendant 3PL INTEGRATION LLC designed certain premises located at 299 Park Avenue, in the City, County, and State of New York.

530.    On March 29, 2019, defendant 3PL INTEGRATION LLC operated certain premises located at 299 Park Avenue, in the City, County, and State of New York.

531.    On March 29, 2019, it was the duty of defendant 3PL INTEGRATION LLC, by its agents, servants, and/or employees, to keep the premises located at 299 Park Avenue, in the City, County, and State of New York in a reasonably safe condition.

532.    On and/or before March 29, 2019, defendant 3PL INTEGRATION LLC entered into a contract and/or agreement (written or oral) with defendant FISHER-PARK LANE OWNER LLC for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

533.    On and/or before March 29, 2019, defendant 3PL INTEGRATION LLC entered into a contract and/or agreement (written or oral) with defendant FISHER BROTHERS MANAGEMENT CO. LLC for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

534.    On and/or before March 29, 2019, defendant 3PL INTEGRATION LLC entered into a contract and/or agreement (written or oral) with defendant MARKETAXESS CORPORATION for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain

electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

535.   On and/or before March 29, 2019, defendant 3PL INTEGRATION LLC entered into a contract and/or agreement (written or oral) with defendant MARKETAXESS HOLDINGS INC. for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

536.   On and/or before March 29, 2019, defendant 3PL INTEGRATION LLC entered into a contract and/or agreement (written or oral) with defendant CONGRUITY for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

537.   On and/or before March 29, 2019, defendant 3PL INTEGRATION LLC entered into a contract and/or agreement (written or oral) with defendant CONGRUITY 360 for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

538.   On and/or before March 29, 2019, defendant 3PL INTEGRATION LLC entered into a contract and/or agreement (written or oral) with defendant MSDI LLC for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

539.   On and/or before March 29, 2019, defendant 3PL INTEGRATION LLC entered into a contract and/or agreement (written or oral) with defendant FAST FLEET JFK for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

540.   On and/or before March 29, 2019, defendant 3PL INTEGRATION LLC entered into a contract and/or agreement (written or oral) with defendant FAST FLEET SYSTEMS, INC. for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

541.   On and/or before March 29, 2019, defendant 3PL INTEGRATION LLC entered into a contract and/or agreement (written or oral) with defendant SMOOTH OPERATORS SERVICES LLC for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

542.   On and/or before March 29, 2019, defendant 3PL INTEGRATION LLC entered into a contract and/or agreement (written or oral) with defendant FAST FLEET – JFK for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

543.   On and/or before March 29, 2019, defendant 3PL INTEGRATION LLC entered into a contract and/or agreement (written or oral) with defendant WARREN

BAINBRIDGE for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

544.   On and/or before March 29, 2019, defendant 3PL INTEGRATION LLC entered into a contract and/or agreement (written or oral) with defendant NICA, INC. for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

545.   On and/or before March 29, 2019, defendant 3PL INTEGRATION LLC entered into a contract and/or agreement (written or oral) with plaintiff's employer for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.

546.   On and/or before March 29, 2019, defendant 3PL INTEGRATION LLC directed, managed, and/or controlled the provision and performance of certain work, labor, and/or services located at 299 Park Avenue, in the City, County, and State of New York.

547.   On or before March 29, 2019, defendant 3PL INTEGRATION LLC hired individuals and/or entities to provide and perform certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

548.   On or before March 29, 2019, defendant 3PL INTEGRATION LLC entered into an agreement and/or contract (written or oral) for it to provide certain work, labor,

and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

549.    On March 29, 2019, defendant 3PL INTEGRATION LLC was the manager for work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

550.    On March 29, 2019, defendant 3PL INTEGRATION LLC was the general contractor for certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

551.    On March 29, 2019, defendant 3PL INTEGRATION LLC, its agents, servants, and/or employees performed certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

552.    On March 29, 2019, defendant 3PL INTEGRATION LLC, its agents, servants, and/or employees supervised certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

553.    On March 29, 2019, defendant 3PL INTEGRATION LLC, its agents, servants, and/or employees directed certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

554.    On March 29, 2019, defendant 3PL INTEGRATION LLC, its agents, servants, and/or employees inspected certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

555.    On March 29, 2019, defendant 3PL INTEGRATION LLC, its agents, servants, and/or employees regulated certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

556.  On March 29, 2019, defendant 3PL INTEGRATION LLC, its agents, servants, and/or employees controlled certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

557.  On March 29, 2019, defendant 3PL INTEGRATION LLC, its agents, servants, and/or employees managed certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

558.  On March 29, 2019, defendant 3PL INTEGRATION LLC, its agents, servants, and/or employees maintained certain work, labor, and/or services at the premises known as 299 Park Avenue, in the City, County, and State of New York.

559.  On March 29, 2019, defendant 3PL INTEGRATION LLC, its agents, servants, and/or employees provided certain supplies for certain work, labor, and/or services at the premises known as 299 Park Avenue, In the City, County, and State of New York.

560.  On March 29, 2019, defendant 3PL INTEGRATION LLC, its agents, servants, and/or employees provided certain tools for certain work, labor, and/or services at the premises known as 299 Park Avenue, In the City, County, and State of New York.

561.  On March 29, 2019, it was the duty of defendant 3PL INTEGRATION LLC to provide a reasonably safe place to work for people performing alteration and other covered work at the site.

562.  On March 29, 2019, plaintiff JOVANIE CLARKE was lawfully on the premises known as 299 Park Avenue, in the City, County, and State of New York.

563.    On March 29, 2019, plaintiff JOVANIE CLARKE was paid to work at the premises known as 299 Park Avenue, in the City, County, and State of New York.

564.    On March 29, 2019, plaintiff JOVANIE CLARKE was in the course of his employment, doing certain transportation, alteration, and/or other covered work at the premises known as 299 Park Avenue, in the City, County, and State of New York.

565.    On March 29, 2019, plaintiff JOVANIE CLARKE was caused to become seriously injured at the premises known as 299 Park Avenue, in the City, County, and State of New York.

566.    On March 29, 2019, plaintiff JOVANIE CLARKE was caused to become seriously injured due to dangerous, defective, and hazardous conditions at his work site, including but not limited to, a lack of appropriate safety devices and protocols.

567.    Plaintiff JOVANIE CLARKE sustained a loss in excess of the Basic Economic Loss, as defined by the New York State Insurance Law.

568.    Plaintiff JOVANIE CLARKE suffered a "serious injury" within the meaning of the Insurance Law of the State of New York.

569.    The aforesaid incident and the serious injuries resulting therefrom were due solely and wholly to the careless and negligent manner in which the defendants managed, operated, maintained, controlled and supervised the aforesaid premises and/or the work performed on the aforesaid premises, without the plaintiff in any way contributing thereto.

570.    Defendants were negligent, reckless, and careless in  violating their duties to persons lawfully on the aforesaid premises and to plaintiff in particular; in knowingly causing, permitting, suffering, and/or allowing plaintiff to work in an unsafe work place;

in failing to provide the plaintiff with adequate safety devices and/or the applicable safeguards which would have prevent the subject incident; and were further negligent in failing to take suitable precautions for the safety of persons lawfully on the aforesaid premises.

571.   Defendants, their agents, servants, and/or employees had actual notice of the dangerous, defective, and/or hazardous conditions prior to the plaintiff's incident.

572.   Defendants, their agents, servants, and/or employees had constructive notice of the dangerous, defective, and/or hazardous conditions prior to the plaintiff's incident.

573.   Defendants, their agents, servants, and/or employees caused and/or created the dangerous, defective, and/or hazardous conditions prior to the plaintiff's incident.

574.   Defendants were further negligent in their recruitment, hiring, retaining, supervising, and training of defendants' agents, servants, employees, staff, and personnel.

575.   By reason of the foregoing and the negligence of the defendants, plaintiff JOVANIE CLARKE was severely injured, bruised and wounded, suffered, still suffers and will continue to suffer for some time physical pain and bodily injuries and became sick, sore, lame and disabled.

576.   By reason of the foregoing, plaintiff JOVANIE CLARKE was compelled to and did necessarily require medical aid and attention, and did necessarily pay and become liable therefor for medicines and upon information and belief, plaintiff will necessarily incur similar expenses.

577.   By reason of the foregoing, plaintiff JOVANIE CLARKE has been unable to attend his usual occupation and vocation in the manner required.

**AS AND FOR A SECOND CAUSE OF ACTION**

578.   Plaintiff repeats and reiterates each and every allegation above as if set forth more fully at length herein.

579.   Defendants failed to provide plaintiff JOVANIE CLARKE with a safe place to work.

580.   Defendants failed to provide plaintiff JOVANIE CLARKE with proper safety devices and/or adequate protection.

581.   Defendants failed to provide plaintiff JOVANIE CLARKE with the proper equipment to complete the work.

582.   Defendants, their agents, servants, and/or employees were careless, reckless, and negligent in failing to provide a safe and proper place for plaintiff JOVANIE CLARKE to work, in violation of the laws and ordinances of the State of New York, including but not necessarily limited to, as well as other federal, state, and local statutes, ordinances, and regulations.

583.   Defendants violated §§ 200, 240, 240(1), 240(2), 240(3), and 241(6) of the New York Labor Law.

584.   On March 29, 2019, plaintiff JOVANIE CLARKE was in the course of his employment as a covered worker at the subject premises when he was injured as the result of a faulty piece of equipment and lack of safety protection.

585.   Plaintiff JOVANIE CLARKE's injuries were caused solely and wholly as a result of the defendants' breach of their non-delegable duty to provide safety devices

and to provide a reasonably safe place to work in accordance with Labor Law §§ 200, 240(1), and 241(6).

586.    Defendants violated the Occupational Safety and Health Act (OSHA).

587.    Defendants violated the Industrial Code of the State of New York.

588.    By reason of the foregoing and the negligence of the defendants, plaintiff JOVANIE CLARKE was severely injured, bruised and wounded and suffered, still suffers and will continue to suffer for some time, physical pain and bodily injuries and has become sick, sore, lame and disabled.

589.    By reason of the foregoing, plaintiff JOVANIE CLARKE was compelled to seek and did necessarily require medical aid, attention, and medication and did necessarily expend and become liable thereof and upon information and belief, will necessarily continue to incur for a substantial period of time such expenses.

590.    Defendants failed to so alter, construct, renovate, demolish, equip, arrange, operate, supervise, inspect, manage, and/or conduct the manner and method of the work being performed at the aforementioned location as set forth above so as to provide reasonable and adequate protection for life, health, and safety of plaintiff.

591.    The violations by defendants, their agents, servants, and/or employees, were substantial factors in causing plaintiff's injuries.

592.    As a result of the aforementioned violations of the Labor Law of the State of New York, plaintiff was seriously injured.

593.    As a result of the foregoing, defendants are liable to plaintiff for his injuries.

594.   As a result of the foregoing, defendants are strictly liable to plaintiff for his injuries.

595.   Plaintiff hereby demands a trial by jury in the above-captioned action, of all issues triable by a jury, pursuant to the Federal Rule of Civil Procedure 38.

**WHEREFORE** plaintiff demands judgment against defendants, jointly, severally, individually, and/or vicariously, on each and every count set forth herein for damages, costs, interest, counsel fees, as well as all other relief this court deems just and proper.

DATED:       New York, New York
             April 29, 2020

Yours, etc.,
**CELLINO & BARNES, P.C.**

/s/ Kathleen E. Beatty, Esq.
Attorneys for Plaintiff
420 Lexington Avenue, Suite 2140
New York, New York  10170
(212) 804-7400
kb@cellinoandbarnes.com