UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
                                                       :
JOVANIE CLARKE,                                        :
                                                       :
                             Plaintiff,                :
                                                       :            19-CV-6471 (VSB)
              -against-                                :
                                                       :            **ORDER**
FISHER-PARK LANE OWNER LLC et al.,                     :
                                                       :
                             Defendants.               :
                                                       :
-------------------------------------------------------X

VERNON S. BRODERICK, United States District Judge:

      Plaintiff filed this action on July 12, 2019.  (Doc. 1.)  On May 5, 2020, Plaintiff filed the

operative Amended Complaint against twelve Defendants.  (Doc. 50 ("Am. Compl.").)  The

Amended Complaint states that "Plaintiff's complaint is rooted in negligence, carelessness,

and/or recklessness" and that "Plaintiff is seeking monetary damages for serious and severe

personal injuries that he sustained in a premises incident."  (*Id.* ¶¶ 1–2.)  Plaintiff identifies

himself as "a resident of County of Fairfield, State of Connecticut."  (*Id.* ¶ 3.)  He then proceeds

to identify the Defendants and their citizenship.  For example, he pleads that "[D]efendant

Fisher-Park Lane Owner LLC was a domestic business corporation[] organized and existing

under the laws of the State of New York."  (*Id.* ¶ 4 (capitalization removed).)  He also identifies

Defendant "Fast Fleet JFK" as "a domestic business corporation[] organized . . . under the laws

of the State of New York," (*id.* ¶ 37 (capitalization removed)), but immediately thereafter he

asserts that it is a "foreign business corporation[] authorized to conduct business in the State of

New York," (*id.* ¶ 38).  He also says that Defendant "Smooth Operators Services LLC [("Smooth

Operators")] was doing business as Fast Fleet – JFK."  (*Id.* ¶ 44.)  As with other Defendants,

Plaintiff then says that Smooth Operators "was a domestic business corporation[] organized . . .

under . . . New York" law, (*id.* ¶ 45), and right after says Smooth Operators "was and still is a foreign business corporation," (*id.* ¶ 46).

The Amended Complaint is 97 pages long and spans 595 paragraphs.  (*See generally id.*) The below screenshot provides a representative example of the substantive allegations from the Amended Complaint:

> 294.   On and/or before March 29, 2019, defendant CONGRUITY 360 entered into a contract and/or agreement (written or oral) with defendant SMOOTH OPERATORS SERVICES LLC for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.
>
> 295.   On and/or before March 29, 2019, defendant CONGRUITY 360 entered into a contract and/or agreement (written or oral) with defendant FAST FLEET – JFK for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.
>
> 296.   On and/or before March 29, 2019, defendant CONGRUITY 360 entered into a contract and/or agreement (written or oral) with defendant WARREN BAINBRIDGE for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.
>
> 297.   On and/or before March 29, 2019, defendant CONGRUITY 360 entered into a contract and/or agreement (written or oral) with defendant NICA, INC. for the provision and performance of certain work, labor, and/or services, including but not necessarily limited to the transport of certain electronic equipment located at 299 Park Avenue, in the City, County, and State of New York.
>
> 298.   On and/or before March 29, 2019, defendant CONGRUITY 360 entered into a contract and/or agreement (written or oral) with defendant 3PL INTEGRATION

(*Id.*)  The only basis of federal subject matter jurisdiction asserted in the Amended Complaint is through the diversity of citizenship statute, 28 U.S.C. § 1332.  (*Id.* ¶ 67.)

On June 12, 2020, Smooth Operators filed a motion to dismiss under Federal Rule of Civil Procedure Rule 12(b)(6).  (Doc. 79.)  Among other things, Smooth Operators argues that Plaintiff's Amended Complaint fails to comply with the pleading standards set forth by Rule 8 of the Federal Rules of Civil Procedure because "its allegations are generally vague, incomprehensible, and nonsensical."  (Doc. 81, at 11.)

In response to Smooth Operators' motion to dismiss, on August 10, 2020, Plaintiff filed a motion for leave to amend its pleadings under Rule 15.  (Doc. 92.)  Along with this motion, Plaintiff attached a proposed Second Amended Complaint ("SAC").  (Doc. 93-5 ("SAC").)  Like the Amended Complaint, the SAC is also 97 pages and 595 paragraphs; at a glance, its paragraph numbers and content are identical to the Amended Complaint.  (*See, e.g.*, SAC ¶¶ 3 (alleging that Plaintiff "is a resident of . . . Connecticut."), ¶ 4 (alleging that Defendant "Fisher-Park Lane Owner LLC was a domestic business corporation[] organized . . . under the laws of the State of New York." (capitalization removed)), 45–46 (alleging that Smooth Operators is both a domestic corporation organized under new York law and a "foreign business corporation[] authorized to conduct business in the State of New York.").)  Indeed, the only change that Plaintiff identifies in an accompanying affidavit is that paragraph 565, which used to read, "On March 29, 2019, plaintiff JOVANIE CLARKE was caused to become seriously injured at the premises known as 299 Park Avenue, in the City, County, and State of New York," now reads, "On March 29, 2019, plaintiff JOVANIE CLARKE was caused to become seriously injured at the premises known as 299 Park Avenue, in the City, County, and State of New York when certain heavy server equipment was suddenly caused to fall on him."  (Doc. 93 ¶ 69.)  As with the Amended Complaint, the SAC only asserts federal subject matter jurisdiction by way of the

3

diversity of citizenship statute.  (SAC ¶ 67.)

On August 17, 2020, Smooth Operators filed a reply brief on its motion to dismiss.  (Doc. 94.)  Among other things, it argues that "Plaintiff's proposed second amended complaint would be futile."  (*Id.* at 7 (citation omitted).)

Federal district courts are courts of limited jurisdiction and must independently confirm that they have subject matter jurisdiction over matters before them.  *See Durant, Nichols, Houston, Hodgson & Cortese–Costa P.C. v. Dupont*, 565 F.3d 56, 62–63 (2d Cir. 2009) (internal quotation marks omitted).  Even where "neither party has raised a question as to this Court's jurisdiction . . . 'it is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'"  *Sanders v. New World Design Build, Inc.*, 19-CV-1071 (VSB), 2020 WL 1957371, at *1 n.2 (S.D.N.Y. Apr. 23, 2020) (quoting *United Food & Com. Workers Union v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994)); Fed. R. Civ. P 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Under the diversity of citizenship statute, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000" and is between "citizens of different States."  28 U.S.C. § 1332(a).  Corporations are citizens of every state in which they are incorporated and have their principal places of business.  *See* § 1332(c); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010) (a corporation's principal place of business is its "'nerve center'," meaning its "actual center of direction, control, and coordination").   By contrast, "a limited liability company has the citizenship of its membership" "for purposes of diversity jurisdiction."  *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 52 (2d Cir. 2000) (citation omitted); *see also Ocean Units LLC v. Ill. Union Ins. Co.*,

528 F. Supp. 3d 99, 101 (E.D.N.Y. 2021) ("[T]he citizenship of an unincorporated association like a limited liability company is not tied to the state in which it is formed or has its principal place of business; rather, a limited liability company takes the citizenship of each of its members.").

There must be complete diversity of citizenship between all plaintiffs and all defendants. *Pa. Pub. Sch. Emps.' Ret. Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 117–18 (2d Cir. 2014). "Furthermore, it is well established that the party seeking to invoke jurisdiction under 28 U.S.C. § 1332 bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete." *Herrick Co. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322 (2d Cir. 2001) (alteration and internal quotation marks omitted). Accordingly, "[d]iversity jurisdiction is unavailable when a complaint fails to allege both a corporation's state of incorporation and its principal place of business." *MinedMap, Inc. v. Northway Mining, LLC*, 21-1480-cv, 2022 WL 570082, at *2 (2d Cir. Feb. 25, 2022) (citing *Advani Enterprises, Inc. v. Underwriters at Lloyds*, 140 F.3d 157, 161 (2d Cir. 1998)). Similarly, "[i]n pleading an LLC's citizenship, the identity and citizenship of each member [of the LLC] has to be specifically alleged." *United States Liab. Ins. Co. v. M Remodeling Corp.*, 444 F. Supp. 3d 408, 410 (E.D.N.Y. 2020) (collecting cases).

Here, neither the Amended Complaint nor the SAC establish diversity of citizenship jurisdiction. As mentioned, Plaintiff only pleads that he is a resident of Connecticut, but "allegations of residency alone cannot establish citizenship." *Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 102–03 (2d Cir. 1997). Moreover, Plaintiff's allegations of many of the Defendants' citizenships are incomplete or inherently contradictory. "Defendant MSDI LLC" is alleged to be a "corporation[] organized . . . under Massachusetts law," but its name (and a

search of public records)[1] indicates that it is a limited liability company.  Plaintiff has not

pleaded the "identities and citizenship of each member" of any of the limited liability companies

he sues, despite the legal requirement that he do so.  *See M Remodeling*, 444 F. Supp. 3d at 410.

Smooth Operators, on the other hand, is identified as an "LLC," "a domestic business

corporation" and a "foreign business corporation," but all three of these assertions cannot be true.

Aside from failing to establish federal subject matter jurisdiction, Smooth Operators is

correct that Plaintiff's pleadings fail to comply with Rule 8.  Rule 8 requires pleadings to

"contain . . . a short and plain statement of the claim showing that the pleader is entitled to

relief."  Fed R. Civ. P. 8(a)(2).  "When a complaint fails to comply with these requirements, the

district court has the power, on motion or *sua sponte,* to dismiss the complaint or to strike such

parts as are redundant or immaterial."  *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995).  It is

well established that "unnecessary prolixity in a pleading places an unjustified burden on the

court and the party who must respond to it because they are forced to select the relevant material

from a mass of verbiage."  *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (quoting 5 C.

Wright & A. Miller, *Federal Practice and Procedure* § 1281, at 365 (1969)).  Plaintiff's

Amended Complaint and SAC are both overly prolix as they are both 97-page and 595-paragraph

word salads.  They also both appear to plead "[t]hreadbare recitals of the elements of a cause of

action, supported by mere conclusory statements," which are insufficient under Rule 8.  *Ashcroft*

---

[1] *See* MA Corporations Search Entity Summary,
https://corp.sec.state.ma.us/CorpWeb/CorpSearch/CorpSummary.aspx?sysvalue=UKoBdQ3f9HyEcFohX1_xGCYN
l1kyctctxARC3FVJObc- (last accessed Apr. 28, 2022) (indicating that MDI LLC is a "Limited Liability Company"
that was previously named "Congruity LLC."  Congruity LLC is also named as a Defendant in this action.)  I may
properly take judicial notice of these types of public records.  *Magnoni v. Smith & Laquercia*, 483 F. App'x 613,
616 (2d Cir. 2012) ("The Federal Rules of Evidence permit a court to take judicial notice sua sponte, and at any
stage of a proceeding, of a fact 'not subject to reasonable dispute' that 'can be accurately and readily determined
from sources whose accuracy cannot reasonably be questioned.'" (quoting Fed. R. Evid. 201(b))); *Weiss v. Sherloq
Revenue Sols., Inc.*, No. 19-cv-7103 (NSR), 2021 WL 965810, at *4 (S.D.N.Y. Mar. 12, 2021) ("the Court is entitled
to take sua sponte judicial notice of these public records as the filing of articles of incorporation is not a
controversial fact." (citing *Kaggen v. I.R.S.*, 71 F.3d 1018, 1022 (2d Cir. 1995)).

*v. Iqbal*, 556 U.S. 662, 678 (2009).  Even the SAC lacks allegations regarding whatever it is Defendants are alleged to have done to Plaintiff:  The single changed paragraph in the SAC, as identified by Plaintiff's affidavit, (Doc. 93 ¶ 69), simply adds in that assertion that Plaintiff was injured "when certain heavy server equipment . . . f[e]ll on him," (SAC ¶ 565), without indicating what this has to do with Defendants.  However, because I lack subject matter jurisdiction, and because of the unnecessary prolixity of Plaintiff's pleadings, I cannot and do not attempt a full merits analysis of Plaintiff's allegations.

Accordingly, it is hereby:

ORDERED that the Amended Complaint is DISMISSED for failure to establish federal subject matter jurisdiction.  Smooth Operators' motion to dismiss is thus DENIED as moot, and Plaintiff's motion to amend is DENIED.  Within 30 days of entry of this order, the Plaintiff may file a motion seeking leave to amend that attaches a proposed Third Amended Complaint. Plaintiff is cautioned that his complaint must correct the deficiencies identified in this Order by properly pleading federal subject matter jurisdiction and eliminating the prolixity of the Amended Complaint and SAC.  Failure to address the deficiencies will result in my denial of Plaintiff's motion for leave and termination of this action.  Furthermore, Plaintiff must ensure that his proposed Third Amended Complaint complies with contemporary pleading standards in federal court.  *See Iqbal*, 556 U.S. at 678 ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." (internal quotation marks omitted)).

The Clerk of Court is respectfully directed to close all open motions on this action's

docket.

SO ORDERED.

Dated:     May 10, 2022
           New York, New York

Vernon S. Broderick
United States District Judge