UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- X
                                      :   19cv6471 (DLC)
JOVANIE CLARKE,                       :
                                      :   ORDER
                         Plaintiff,   :
              -v-                     :
                                      :
FISHER-PARK LANE OWNER LLC, et al.,   :
                                      :
                         Defendants.  :
                                      :
------------------------------------- X

DENISE COTE, District Judge:

   This personal injury action was filed in this Court on July 12, 2019.  The basis for subject matter jurisdiction was alleged to be diversity of citizenship under 28 U.S.C. § 1332.  The initial complaint in this action asserted that the plaintiff "at all times herein mentioned, was and still is a resident of the County of Fairfield, State of Connecticut."  In a third amended complaint filed on June 22, 2022, the plaintiff asserted that he was and still is domiciled in Connecticut.

   On April 28, 2023, the plaintiff requested that this action be dismissed without prejudice because the plaintiff had never relinquished his citizenship in New York.  On May 12, the plaintiff was ordered to show cause by May 19 why this action should not be dismissed for failure to comply with the Federal Rules of Civil Procedure and this Court's orders.  On May 18,

plaintiff's counsel submitted an affirmation in response to the May 12 Order.

Plaintiff's counsel affirms that based upon his conversation with his client on May 16, 2023, the plaintiff was a domiciliary of Connecticut when this action was filed in 2019, and the plaintiff "only relinquished his domicile in Connecticut" in April 2023. The plaintiff repeats his request that this action be dismissed.

Rule 41(a), Fed. R. Civ. P., permits a plaintiff to voluntarily dismiss an action without a court order by filing "(i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared." Rule 41(a)(1)(A), Fed. R. Civ. P. "Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Rule 41(a)(2), Fed. R. Civ. P.

Here, the defendants have answered, and no stipulation of dismissal has been filed. Accordingly, dismissal pursuant to Rule 41(a)(1)(A) is impermissible. See Ashmore v. CGI Group, Inc., 860 F.3d 80, 87 n.7 (2d Cir. 2017). Furthermore, voluntary dismissal pursuant to Rule 41(a)(2) is improper. Plaintiff's counsel's May 18 affirmation confirms that at the time this action was filed, the plaintiff's domicile was

2

Connecticut. Therefore, there is no basis on which to dismiss this action for lack of subject matter jurisdiction.

It is hereby

ORDERED that the plaintiff's April 28, 2023 request to dismiss this action without prejudice is denied.

IT IS FURTHER ORDERED that the November 4, 2022 Pretrial Scheduling Order shall continue to govern this action. Fact discovery closed on April 29, 2023. Expert reports and disclosure of expert testimony conforming to the requirements of Rule 26(a)(2)(B), Fed. R. Civ. P., by the party bearing the burden of an issue must be served by **June 16, 2023**.

IT IS FURTHER ORDERED that by **May 26, 2023**, the parties are instructed to contact the chambers of Magistrate Judge Katharine H. Parker in order to schedule settlement discussions under her supervision to occur in **July 2023**.

Dated:  New York, New York
        May 19, 2023

                                        _____
                                              DENISE COTE
                                        United States District Judge

3